UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ROSALBA ESPINAL and JUAN RIVERA,    :
individually and on behalf of all others similarly    :
situated,    :
                               :
                Plaintiffs,    :    Case No. 1:22-cv-03034 (PAE)(GWG)
                               :
      -against-    :
                               :    **ORAL ARGUMENT**
SEPHORA USA, INC.,    :    **REQUESTED**
                               :
                Defendant.    :
------------------------------------------------------------- x

**SEPHORA USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Kelly Cardin, Esq.
Matthew Gizzo, Esq.
Jessica Schild, Esq.
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500

*Attorneys for Sephora*

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ...............................................................................................1

II.  BACKGROUND AND PROCEDURAL HISTORY ..................................................................2

III. ARGUMENT ..........................................................................................................................3

    A. Applicable Legal Standards ..............................................................................................3

        1. Federal Rules of Civil Procedure 12(b)(1) and (6) ........................................................3

        2. Article 6 and Relevant Legal Landscape .......................................................................4

    B. Plaintiffs Lack Standing under Article III ..........................................................................6

        1. Plaintiffs Concede They Were Paid All They Were Due and Thus Cannot Establish Standing by Reference to an Economic Loss. ................................................7

        2. Pursuant to the Plain Language of 198, Plaintiffs Are Not Entitled to Recover Liquidated Damages. ....................................................................................................7

        3. If Plaintiffs' Injury Is the Lost Time Value of Money, That Is All They Are "Due" ..........................................................................................................................9

    C. Plaintiffs Claim Must Be Dismissed Pursuant to Rule 12(b)(6) .......................................10

        1. Vega Was Wrongly Decided and There Can Be No Express Private Right of Action For an Untimely Payment .................................................................................11

        2. Section 191 Does Not Contain an Implied Private Right of Action ............................12

IV. CONCLUSION .....................................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
  175 F. Supp. 3d 44 (S.D.N.Y. 2016) ...................................................................................... 7

*Arciello v. Cty. of Nassau*,
  No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. Sept. 20, 2019) ........................ 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 4

*Bright Homes v. Wright*,
  8 N.Y.2d 157, 203 N.Y.S.2d 67 (1960) ................................................................................. 8

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005) ................................................................................................. 10

*Coley v. Vanguard Urban Improvement Ass'n, Inc.*,
  No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) ........................ 5

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
  790 F.3d 411 (2d Cir. 2015) ................................................................................................... 9

*Cruz v. TD Bank, N.A.*,
  22 N.Y.3d 61, 979 N.Y.S.2d 257 (2013) ............................................................................. 13

*DiBella v. Hopkins*,
  403 F.3d 102 (2d. Cir. 2005) ................................................................................................ 10

*Frasier v. General Elec. Co.*,
  930 F.2d 1004 (2d Cir. 1991) ................................................................................................. 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*,
  528 U.S. 167 (2000) ............................................................................................................... 6

*Hunter v. Planned Bldg. Servs., Inc.*,
  2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cnty. Sup. Ct., June 11,
  2018) ...................................................................................................................................... 5

*Hussain v. Pak. Int'l Airlines Corp.*,
  No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012) ......................... 5

*IKEA U.S. v. Indus. Bd. of Appeals*,
  241 A.D.2d 454 (2d Dep't 1997) ........................................................................................... 5

*Jaghory v. N.Y. State Dep't of Educ.*,
   131 F.3d 326 (2d Cir. 1997) .................................................................................................. 7

*Katz v. Donna Karan Int'l, Inc.*,
   No. 14 Civ. 740, 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y May 17, 2017),
   *aff'd*, 872 F.3d 114 (2d Cir. 2017) ................................................................................... 7, 10

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
   2022 NY Slip Op 00911, ¶ 2 (Feb. 10, 2022) ...................................................................... 12

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................................... 3

*Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*,
   19 F.4th 58 (2d Cir. 2021) ................................................................................................... 10

*Mahon v. Ticor Title Ins. Co.*,
   683 F.3d 59 (2d Cir. 2012) .................................................................................................... 3

*Maloney v. Rincon*,
   153 Misc. 2d 162, 581 N.Y.S.2d 120 (Civ. Ct. Queens Cnty. 1992) .................................... 9

*Marcus Assoc. v. Town of Huntington*,
   45 N.Y.2d 501, 410 N.Y.S.2d 546 (1978) ............................................................................. 8

*New York Central & H.R.R.R. Co. v. Williams*,
   64 Misc. 15, aff'd. 136 App. ................................................................................................ 13

*People v. Boothe*,
   16 N.Y.3d 195, 919 N.Y.S.2d 498 (2011) ............................................................................. 8

*People v. Vetri*,
   309 N.Y. 401 (1955) ............................................................................................................ 12

*Phillips v Max Finkelstein, Inc.*,
   115 N.Y.S.3d 866 (Suffolk Cnty. Sup. Ct. 2019) .................................................................. 5

*Sarmiento Perez v. Comhar Group LLC*,
   No. 19-CV-0964, 2020 U.S. Dist. LEXIS 41771 (E.D.N.Y. Mar. 6, 2020) .......................... 6

*Sheppard v. Beerman*,
   18 F.3d 147 (2d Cir. 1994) .................................................................................................... 4

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) .................................................................................................. 6, 7, 9

*TransUnion LLC v. Ramirez*,
   141 S.Ct. 2190 (2021) ............................................................................................................ 3

*Vega v. CM and Associates Construction Management, LLC*,
　175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019) .................................................... *passim*

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
　549 F.3d 100 (2d Cir. 2008) ........................................................................................................ 3

*Zivkovic v. Laura Christy, LLC*,
　2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022) .................................................. 10, 11

**Statutes**

N.Y. Lab. Law § 190 ........................................................................................................................ 4

N.Y. Lab. Law § 191 ............................................................................................................. *passim*

N.Y. Lab. Law § 197 ............................................................................................................. 4, 5, 13

N.Y. Lab. Law § 198 ............................................................................................................. *passim*

N.Y. Lab. Law § 218 ........................................................................................................................ 4

**Other Authorities**

Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012] .............................................. 5, 11

Sephora USA, Inc. ("Sephora" or "Defendant") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint ("Complaint") in its entirety with prejudice.

## I.      PRELIMINARY STATEMENT

Plaintiffs Rosalba Espinal and Juan Rivera (collectively "Plaintiffs"), a former Sephora Beauty Advisor and Operations Associate respectively, bring this lawsuit on behalf of themselves and all other similarly-situated current and former hourly employees. Plaintiffs' sole count is for a violation of New York Labor Law ("NYLL") § 191, whereby they allege that they were manual workers and should have been paid on a weekly, rather than bi-weekly, basis. Plaintiffs concede they were paid; their claim is merely that they were paid a week late. The Complaint, which is premised on a poorly reasoned and wrongly decided 2019 First Department decision, *Vega v. CM and Associates Construction Management, LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), should be dismissed in its entirety.

As an initial matter, Plaintiffs lack standing under Article III because they have no injury that could be remedied in this suit. Plaintiffs do not seek lost wages; rather, they seek to recover a penalty in the form of liquidated damages. Pursuant to the NYLL, liquidated damages are calculated as an "additional amount . . . equal to one hundred percent of the total amount of the wages found to be due." N.Y. Lab. Law § 198(1-a). Here, there is no dispute that Plaintiffs, who admit they were paid in full, are "due" nothing. Thus, applying the reasoning of *Vega* and the plain language of the NYLL, liquidated damages must be calculated as $0 because, of course, 100% of $0 is $0. Without any actual injury for which this Court could provide redress, they lack standing under Article III, and the Complaint must be dismissed for lack of subject matter jurisdiction.

Anticipating arguments against standing, Plaintiffs allege throughout their Complaint that their "injury" is the lost "time value of money." If this Court finds that Plaintiffs have standing because they are "due" the lost time value of money, Sephora respectfully requests that the Court adopt their allegations that – to the extent they ultimately prevail on their claim – what they are "due" is the lost "time value of money" and find that their damages must be calculated as 100% of the lost time value. Doing so will help clarify the issues in this lawsuit and streamline the litigation process.

Plaintiffs' claim should also be dismissed pursuant to Rule 12(b)(6) because there is no express or implied private right of action for violations of § 191. Section 198(1-a) by its plain terms does not create an express private right of action for an untimely payment, it only creates such a right for an "underpayment". Here, Plaintiffs concede they were paid all wages due. Similarly, Plaintiffs cannot satisfy the three-prong *Sheehy* test for assessing whether an implied private right of action exists for violations of § 191 because the legislature did not intend to create a private right of action.

For these reasons and the additional reasons set forth herein, Sephora requests that the Court dismiss Plaintiffs' Complaint in its entirety.

II.     **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Espinal was employed with Sephora as a Beauty Advisor in New York from around January 2020 until in or around March 2021.[1] (Compl. ¶ 11.) In or around November 2017, Plaintiff Rivera commenced employment with Sephora in New York as an Operations Associate until approximately July 2021. (*Id.* ¶ 12.) At all relevant times during their

---

[1] Sephora states the facts as alleged in Plaintiffs' Complaint and in the light most favorable to Plaintiffs for the purposes of this Motion only. Sephora in no way waives its right to present different facts or arguments at later stages of the proceedings.

employment, Plaintiffs were compensated on a bi-weekly basis. (*Id.* ¶¶ 11-12.) Plaintiffs concede they were paid all earnings they were owed. (*Id.*) They merely claim they were paid late (i.e., bi-weekly instead of weekly). (*Id.*)

Plaintiffs commenced this action on April 12, 2022, and filed an Amended Complaint on July 26, 2022, alleging a single count for failure to pay timely wages in violation of the New York Labor Law ("NYLL") on behalf of themselves and "all persons employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees (the "Class")." (*Id.* ¶ 13; Dkt. 18.) Plaintiffs seek to recover liquidated damages. (Compl. ¶ 23.) Sephora now moves to dismiss the Complaint in its entirety.

### III.  ARGUMENT

**A.  Applicable Legal Standards**

#### 1.  Federal Rules of Civil Procedure 12(b)(1) and (6)

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) where a plaintiff lacks Article III standing. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). For Plaintiffs to have standing, they must establish a concrete injury in fact – that is, "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2206, (2021). If Plaintiffs are unable to show that a favorable decision could redress their injuries, i.e. that there is a "non-speculative likelihood that the injury can be remedied by the requested relief" the complaint will be dismissed for lack of standing under Article III. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008). Plaintiffs bear the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Where a complaint fails to state a claim, it must be dismissed pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citations). Dismissal is warranted when it is clear that no relief can be granted. *See Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (stating that motions to dismiss under Rule 12(b)(6) are granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### 2. Article 6 and Relevant Legal Landscape

Article 6 of the New York Labor Law, § 190 *et seq.* ("Article 6") governs the payment of wages, and § 191 governs pay frequency requirements for certain categories of employees. With respect to "manual workers," it provides:

> [a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned . . . . .

A "manual worker" is defined as "a mechanic, workingman or laborer." N.Y. Lab. Law § 190(4).

Section 191 does not contain a private right of action. However, § 197 permits the New York State Department of Labor Commissioner to assess a penalty of $500 for a pay frequency violation,[2] and § 218 permits the Commissioner to assess penalties, after an administrative proceeding, in an amount between $1,000-$3,000.[3] For decades, New York state and federal

---

[2] N.Y. Lab. Law § 197: "Any employer who fails to pay the wages of his employees or shall differentiate in rate of pay because of protected class status, as provided in this article, shall forfeit to the people of the state the sum of five hundred dollars for each such failure, to be recovered by the commissioner in any legal action necessary, including administrative action or a civil action."

[3] N.Y. Lab. Law § 218(1): "Where the violation is for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation."

4

courts consistently (and correctly) held that a mere pay frequency violation, without any actual underpayment of the wages, did not trigger a private right to damages under Article 6.[4] Rather, it was understood that any penalty for untimely wages was to be assessed solely by the Commissioner pursuant to §§ 197 or 218.

*Vega v. CM & Assoc. Constr. Mgmt., LLC*, upended this scheme in September 2019. 175 A.D.3d at 1145-46, 107 N.Y.S.3d at 288. In *Vega*, the plaintiff sought to collect liquidated damages for a violation of the manual worker pay frequency requirement in § 191(a), arguing that she should be able to assert a private cause of action pursuant to N.Y. Lab. Law § 198(1-a). *Id.* That section provides an employee may recover damages for an "underpayment" of wages, plus attorneys' fees and "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due[.]" N.Y. Lab. Law § 198(1-a).

In finding the plaintiff could state a claim, the First Department – relying on little more than Merriam-Webster[5] – construed late wages as an "underpayment," to put it within the purview of § 198(1-a) and concluded that plaintiff could state a cause of action for an alleged violation of § 191. *Vega*, 175 A.D.3d at 1146, 107 N.Y.S.3d at 288 (holding that "Labor Law §

---

[4] *See Phillips v Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 869 (Suffolk Cty. Sup. Ct. 2019); *Hunter v. Planned Bldg. Servs., Inc.*, 2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11, 2018) (mere frequency of pay violation, without an actual underpayment, does not trigger the damages provision of Section 198); *IKEA U.S. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455 (2d Dep't 1997) (NYSDOL Commissioner assessed only a fine for violation of Section 191; there was no finding that the wages paid bi-weekly was an "underpayment" and liquidated damages were not assessed); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (dismissing frequency of pay claim because "[the New York Labor Law] contains no provision for private recovery for violations of its provisions regarding frequency of pay . . . ."); *Arciello v. Cty. of Nassau*, No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167, *22 (E.D.N.Y. Sept. 20, 2019) (dismissing Section 191 claim because Section 198 does not provide a remedy for the failure to timely pay wages); *Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) ("The NYLL does not appear to provide" private recovery for Section 191 violations).

[5] *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3dat, 288 ("The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required' (Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). The moment that an employer fails to pay wages in compliance with section 191 (1) (a), the employer pays less than what is required.").

198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191"). In reaching this decision, the First Department does not to appear to have considered the long line of authority contradicting its holding.[6] Additionally, *Vega* did not establish the appropriate way to calculate damages for a violation of § 191. *Vega* merely holds that a plaintiff can state a private right of action for a technical violation of the pay frequency law.

*Vega* also noted that an employer can raise payment as a defense to the underpayment claim, meaning that if the employer can establish that the late wages were paid (albeit untimely), a plaintiff will not recover an award of damages for the "underpayment." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288 ("The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198 [1-a])."); *see also Sarmiento Perez v. Comhar Group LLC*, No. 19-CV-0964, 2020 U.S. Dist. LEXIS 41771, at *18 (E.D.N.Y. Mar. 6, 2020) (noting that "[D]ouble recovery of the same wages and related damages is not permitted.").

**B.     Plaintiffs Lack Standing under Article III**

Plaintiffs' claim should be dismissed for lack of standing. To satisfy the standing requirement under Article III, Plaintiffs must allege that "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the Sephora; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000). An injury is "concrete" if it is "*de facto*"; that is, it must actually exist, and cannot be "abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Indeed, in order for the harm to be

---

[6] *See* supra, fn 4.

considered an "actual" injury, a decision in Plaintiffs' favor must provide redress for the injury. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Because Plaintiffs have not alleged an actual injury that could be remedied by the Court, they lack standing to bring this lawsuit. *Id.*

### 1. Plaintiffs Concede They Were Paid All They Were Due and Thus Cannot Establish Standing by Reference to an Economic Loss.

Plaintiffs have not alleged any economic loss. They do not claim they are due any payments; they concede they were paid all earnings they were due. (Compl. ¶¶ 11, 12) Thus, they cannot establish standing by reference to past due earnings. *See Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740, 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y May 17, 2017) (finding a lack of standing where plaintiff sought only statutory damages and there was no claim of actual economic loss or harm), *aff'd*, 872 F.3d 114 (2d Cir. 2017); *see also Spokeo, Inc.* 136 S. Ct. at 1549 (the availability of statutory damages, without any injury, does not automatically confer standing). Indeed, nowhere do Plaintiffs allege that they were "paid more than [they] should have (or [were] paid less than [they] should have been)." *See Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44, 53 (S.D.N.Y. 2016). Nor can they. Without any actual injury for which a court can remedy, Plaintiffs' claim is over before it even begins.

### 2. Pursuant to the Plain Language of 198, Plaintiffs Are Not Entitled to Recover Liquidated Damages.

Nor can they establish standing by reference to their claim for liquidated damages. Section 191 mandates that all "manual workers" be paid weekly and "not later than seven calendar days after the end of the week in which the wages are earned" N.Y. Lab. Law §191(1)(a)(i). The calculation of liquidated damages is proscribed by 198(1-a), which provides:

> In any action instituted in the courts upon a wage claim by **an employee . . . in which the employee prevails**, the court **shall allow such employee to recover the full amount of any underpayment,** all reasonable attorney's fees,

>prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law**, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due**.

N.Y. Lab. Law § 198(1-a). Thus, where there is no amount of wages "due," liquidated damages must be calculated as $0.

Here, Plaintiffs concede they were paid all earnings they were due; their only claim is that they were paid a week late. Thus, if the case were ever tried, the amount Plaintiffs could recover for the "underpayment" is $0. This is not in dispute. Applying the plain language of the statute and basic math, if a court tried to award "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due," the Court would have to award $0.

To the extent Plaintiffs attempts to argue that *Vega* contemplates this situation and says that liquidated damages are still available where employees are paid in full,[7] they are correct in form only. Again, the holding of *Vega* is merely that an employee can assert a private cause of action for late payment of wages. Nothing in the decision undoes the plain application or language of § 198(1-a), nor could it. It is well-settled "that courts are not to legislate under the guise of interpretation[,]" even if it is in an attempt to remedy a perceived "statutory infirmity." *People v. Boothe*, 16 N.Y.3d 195, 198, 919 N.Y.S.2d 498, 500 (2011); *see also Bright Homes v. Wright*, 8 N.Y.2d 157, 162, 203 N.Y.S.2d 67, 70 (1960); *Marcus Assoc. v. Town of Huntington*, 45 N.Y.2d 501, 506, 410 N.Y.S.2d 546, 548 (1978) ("But in scrutinizing a particular piece of legislation, courts must pay heed to their limited role, and scrupulously avoid entering into the

---

[7] "However, payment does not eviscerate the employee's statutory remedies." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288.

8

legislative realm under the guise of constitutional interpretation."); *Maloney v. Rincon*, 153 Misc. 2d 162, 165, 581 N.Y.S.2d 120, 123 (Civ. Ct. Queens Cnty. 1992) ("Statutory interpretation should not be an exercise in wishful thinking or an excuse for a court to rewrite what it perceives as a legislative error."). Applying the plain language of § 198(1-a) compels the conclusion that Plaintiffs stand to recover nothing in liquidated damages for the untimely payment, and no court can change this result.

Plaintiffs' failure to establish they have suffered an injury in fact sufficient to satisfy Article III standing necessitates the dismissal of the Complaint here. *See Spokeo, Inc.*, 136 S. Ct. at 1547; *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'").

### 3. If Plaintiffs' Injury Is the Lost Time Value of Money, That Is All They Are "Due"

In an effort to articulate standing, Plaintiffs allege that their injury is the lost "time value of money." Specifically, they plead:

> Thus, for half of each biweekly pay period, Ms. Espinal was injured in that she was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use these monies that were rightfully hers. Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money. (Compl. ¶ 11.)

> Thus, for half of each biweekly pay period, Mr. Rivera was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money. (Compl. ¶ 12.)

If Plaintiffs have standing because they are "due" the lost time value of money, Sephora respectfully requests that the Court adopt their position and find that the appropriate measure of

9

their damages is liquidated damages on the lost time value of money (rather than the full week of wages that was allegedly paid late). *See Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58 (2d Cir. 2021) (establishing that where plaintiff lacks damages, he has no standing); *see also Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740, 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y May 17, 2017) (dismissing claims for lack of standing where plaintiff did not have any damages outside of the availability of statutory damages). **Doing so would provide the parties with clarity regarding the damages at issue and streamline the questions in dispute.**

C. <u>Plaintiffs Claim Must Be Dismissed Pursuant to Rule 12(b)(6)</u>

Even if Plaintiffs can establish standing under Article III, and they cannot, the Complaint must be dismissed because there is no express or implied private right of action for an untimely payment under § 191. *Vega* was wrongly decided, and this Court has no obligation to apply it here. Indeed, a court in this Circuit, applying a different section of the NYLL, recently rejected a First Department holding, finding that the decision was "unreasoned and ran contrary to the clear text" of the statute. *See Zivkovic v. Laura Christy, LLC*, 2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022). Here, there is no doubt that *Vega* is "unreasoned" and "runs contrary to the clear text" of §§ 191 and 198 and thus, this Court is not bound by it.[8] Moreover, there is overwhelming data to suggest that, once presented with the issue *de novo*, the Court of Appeals will find there is no express or implied private right of action for violations of NYLL § 191.

---

[8] While federal courts must generally follow the state law decisions of state intermediate appellate courts, they are not strictly bound if there exists persuasive data establishing that the highest court of the state would decide otherwise. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005); *see also DiBella v. Hopkins*, 403 F.3d 102, 112 (2d. Cir. 2005) ("[R]ulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'").

### 1. Vega Was Wrongly Decided and There Can Be No Express Private Right of Action For an Untimely Payment

It is hard to imagine a decision that got it more wrong than the First Department's three-page decision in *Vega*. Indeed, *Vega* cut against decades of precedent in New York which held the opposite – i.e., that § 191 does not create a private right of action affording damages absent an actual underpayment of wages. In so doing, *Vega* interpreted underpayment to include payments that were "untimely", based purely on a dictionary definition that makes no mention of timing.[9] Section 198(1-a) itself limits private rights of action to instances of "underpayments." As explained above, damages are limited to circumstances where the employee did not receive their complete earnings, meaning that a violation for § 191 without an underpayment does not trigger damages under § 198. The legislature could have enacted a broader scheme if it intended to create a private right of action for technical violations of § 191 – or used the phrase "untimely payment" in § 198(1-a) – but it did not. Rather, it chose to limit private actions to "underpayments", as distinct from mere technical violations of the statute.

The fact that other courts have followed *Vega* – likely only because the Court of Appeals has not yet had the opportunity to review the issue – is of no moment. As explained herein, *Vega* is not persuasive authority and this Court is under no obligation to apply it. *See Zivkovic*, 2022 U.S. Dist. LEXIS 94839, at *10. The holding of *Vega* (and its failure to simply apply the plain language of the statute) flouts the most fundamental principles of statutory interpretation. A strict reading of the applicable provisions compels the conclusion – that § 191 does not create a private right of action for payments that were paid in full, but late. Accordingly, Plaintiffs fail, as a matter of law, to state a claim for relief under NYLL § 191 and their claim must be dismissed.

---

[9] Underpay is defined as "to pay less than what is normal or required." *See* Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]; *Vega*, LLC, 175 A.D.3d 114, 107 N.Y.S.3d 286. Nowhere in the dictionary definition of "underpay" cited by *Vega* is there a mention of or reference to the "timing" of the alleged payment.

### 2. Section 191 Does Not Contain an Implied Private Right of Action

Similarly, Plaintiffs' claims fall because the legislative intent of § 191 does not favor an implied private right of action. In *Konkur v. Utica Acad. of Sci. Charter Sch.*, decided approximately four months ago, the Court of Appeals declined to find a private right of action under a similar provision which also falls under Article 6 of the NYLL. 2022 NY Slip Op 00911, ¶ 2 (Feb. 10, 2022). In so doing, the Court restated that private rights of action under Article 6 are not to be presumed and can be found "***only*** if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Id.* To determine that no such implied right of action exists with respect to § 198-b, as the Court did in *Konkur*, the three-factor *Sheehy* test must be applied. Applying the *Sheehy* factors to § 191 compels the conclusion that no private right of action exists. Notably, the First Department in *Vega* did not go through the exercise of applying these factors in any detail.

Plaintiffs will not be able to satisfy the *Sheehy* test. The test queries: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.* As to the first factor, Plaintiffs, skilled retail workers for a prestige beauty company, one of whom specializes in makeup and beauty application, are certainly not the type of menial laborers the statute was designed to protect. The concerns that § 191 was designed to protect – securing prompt payment of wages for laborers and mechanics dependent upon their weekly earnings – are not implicated here.[10] With respect to the second factor, the legislature certainly did not intend the statute to

---

[10] The object of former §196 was to compel prompt payment of daily wages to the "small wage earner." *People v. Vetri*, 309 N.Y. 401 (1955). Indeed, courts have made clear that § 196 of the Labor Law was a police power

provide a remedy to allow workers to obtain a windfall and collect liquidated damages on wages already paid. Indeed, as discussed above, it is clear that the legislature intended a modest penalty to be assessed for any violations. The legislature limits private rights of action to instances of "underpayments" (i.e., wages that were not paid at all or paid less than what was agreed). Thus, there is no doubt a private right of action would not promote the legislative purpose, given that civil penalties for technical violations already exist.

Plaintiffs will also not be able to satisfy the third, and most important factor of the *Sheehy* test because a "private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature." *Id.* By its terms, the legislature expressly authorized the Commissioner to issue civil penalties pursuant to N.Y. Lab. Law §§ 197 and 218 for pay frequency violations.[11] Since its inception, (and previous iterations) nearly 130 years ago, the statute has established this plenary enforcement mechanism. Because the statutory scheme expressly provides for a penalty to be assessed solely by the Commissioner, "indicating that the legislature considered how best to effectuate its intent and provided the avenues for relief it deemed warranted", this Court cannot plausibly find the existence of another mechanism for enforcement via a private right of action. *See Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 70, 979 N.Y.S.2d 257, 262 (2013). Plaintiffs will not be able to satisfy the *Sheehy* factors, and their claim should be dismissed.

---

regulation intended for the protection of those who are dependent upon their wages for sustenance. *See New York Central & H.R.R.R. Co. v. Williams*, 64 Misc. 15, 27, 28, aff'd. 136 App. Div. 904, aff'd. 199 N.Y. 108.

[11] The legislature made clear that penalties under N.Y. Lab. Law §§ 197 and 218 encompassed any violations of Article 6 related to wage payments. *See* N.Y. Lab. Law § 197 (civil penalties where employer fails to pay wages "as provided in this article") (emphasis added); *Id.* § 218 (civil penalties where "employer has violated a provision of article six").

## IV. CONCLUSION

For each of the foregoing reasons, Sephora respectfully requests that the Court dismiss the Complaint with prejudice in its entirety, and award to Sephora such other and further relief as it deems just and proper.

Dated:  New York, New York
        August 25, 2022

                                        Respectfully submitted,

                                        OGLETREE, DEAKINS, NASH,
                                          SMOAK & STEWART, P.C.


                                        By:   *s/ Kelly M. Cardin*
                                            Kelly M. Cardin
                                            Matthew P. Gizzo
                                            Jessica R. Schild
                                        599 Lexington Avenue, 17th Floor
                                        New York, NY 10022
                                        (212) 492-2500
                                        kelly.cardin@ogletree.com
                                        jessica.schild@ogletree.com

                                        *Attorneys for Sephora*