UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSALBA ESPINAL, *individually and on behalf of all others similarly situated*, JUAN RIVERA, *individually and on behalf of all others similarly situated*,

                              Plaintiffs,

-v-

SEPHORA USA, INC.,

                              Defendant.

22 Civ. 3034 (PAE) (GWG)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Rosalba Espinal and Juan Rivera (collectively, "plaintiffs"), individually and on behalf of a putative class of similarly situated workers, seek liquidated damages from defendant Sephora USA, Inc. ("Sephora"). *See* Dkt. 18 ("First Amended Complaint"). Plaintiffs, who state that they performed manual labor for Sephora, claim that Sephora paid them every other week rather than on a weekly basis, as required under New York Labor Law ("NYLL"), Article 6, § 191. *Id.* ¶¶ 5, 11–12, 22. Plaintiffs allege that Sephora thus temporarily deprived them of the money owed to them, entitling them to liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest under NYLL, Article 6, § 198. *Id.* ¶ 23.

On August 25, 2022, Sephora moved to dismiss plaintiffs' First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that plaintiffs lack standing to pursue their claims and that there is no express or implied private right of action for violations of § 191. Dkts. 19, 20. On September 26, 2022, plaintiffs opposed the motion, Dkts. 23, 24, and on October 6, 2022, filed a notice of supplemental authority, Dkt. 27. On October

17, 2022, Sephora replied. Dkt. 28. On October 31, 2022, and November 2, 2022, plaintiffs filed additional notices of supplemental authority, Dkts. 29, 30, and on November 9, 2022, Sephora responded to those notices, Dkt. 31. The Court referred the motion to the Hon. Gabriel W. Gorenstein, Magistrate Judge, for a Report and Recommendation. Dkt. 22.

On November 16, 2022, Judge Gorenstein issued a Report and Recommendation, recommending that the Court deny Sephora's motion to dismiss. He reasoned that plaintiffs had pled an injury sufficient to confer standing and the New York Labor Law provides an express private right of action for violations of § 191. *See* Dkt. 32 (the "Report"). As to the latter point, Judge Gorenstein noted that while plaintiffs' argument would have been open to challenge were it a question of first impression, the Appellate Division (First Department) has found a private right of action for such violations, *see Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), and federal district courts have followed or deferred to that holding since. *See* Report at 9, 14–17. No parties filed objections. The Court incorporates by reference the summary of the facts provided in the Report, and, for the following reasons, adopts the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19,

2

2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's characteristically thorough, well-reasoned, and nuanced Report reveals no facial error in its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and that if a party fails to file timely objections, "that party will not be permitted to raise any objections to this Report and Recommendation on appeal," Report at 17 (emphasis omitted), the parties' failure to object operates as a waiver of appellate review as to those objections. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

3

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Gorenstein's November 16, 2022 Report and Recommendation in its entirety and denies Sephora's motion to dismiss. The Court respectfully directs the Clerk of the Court to terminate the motions pending at docket numbers 19 and 21. The case will continue to proceed under the able supervision of Judge Gorenstein.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 21, 2023
       New York, New York