UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSALBA ESPINAL and JUAN RIVERA,
individually and on behalf of all others
similarly situated,

                 Plaintiffs,

                 v.

SEPHORA USA, INC.,

                 Defendant.

Case No. 1:22-cv-03034-PAE-GWG

**STIPULATION AND ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

      This matter having come before the Court by stipulation of Plaintiffs Rosalba Espinal ("Espinal") and Juan Rivera ("Rivera") (collectively "Plaintiffs") and Defendant Sephora USA, Inc. ("Sephora" or "Defendant") (Plaintiffs and Defendant collectively, the "Parties"), for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Party and its respective counsel or by any non-party in the course of discovery in the above-captioned lawsuit (the "Action") to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS hereby ORDERED that:

      1.     This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony"), and to provide for the return of any material that is produced in discovery inadvertently.

1

2.      Either Party may designate Documents produced, or Testimony given, in connection with this action as "Confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3.      As used herein:

(a)     "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as Confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, personal information about current or former employees of Sephora, including, but not limited to, financial and/or medical information, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as Confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients, or have an adverse effect on the personal, financial, privacy, non-public and proprietary information, commercial or business reputation or interests of such Party and/or the Party's employees.

(b)     "Producing Party" shall mean the Party to this action and any third-party producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party asserting the confidentiality privilege, as the case may be.

(c)     "Receiving Party" shall mean the Party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

2

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the Documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) Plaintiffs and Defendant, including employees and agents of Sephora who are assisting in the defense of this Action and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein.

(d) the Court and Court personnel;

3

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses;

(g) any other person who agrees in writing to be bound by the terms of this Stipulation, by having such person sign an acknowledgement, attached as Exhibit A, maintained by counsel who discloses the Confidential Material to such person. A copy of the signed acknowledgement shall be furnished to the Party who produced the Confidential Material upon reasonable demand; and

(h) any other person agreed to by the Parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed. When designation of Confidential Information has been made during the course of a deposition, the reporter attending such deposition shall thereafter place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. Prior to the expiration of such two week period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. The signatories to this Stipulation may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

8. Should the need arise for any of the Parties to disclose documents containing Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information. Should the need arise for any of the Parties to disclose Confidential Information on the record during any hearing or trial before the Court, such Party must take such steps as necessary to preserve the confidentiality of such Confidential Information, including, but not limited to, requesting that the hearing be private or sealing such portions of the transcript.

9. This Stipulation shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

10. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege.

11. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" within

a reasonable time following the discovery that the document or information has been produced without such designation.

13. Any document or information that may contain Confidential Information of the Receiving Party that has been produced by a Producing Party without identification as to its "Confidential" nature, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Producing Party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as Confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Action or in any other action.

16. This Stipulation shall continue to be binding after the conclusion of this Action except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

17. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

18. Within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of

documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and hearing exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

19.     Any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including, without limitation, the attorney-client privilege, the joint defense privilege, the work product doctrine, and any other privilege that may be applicable, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production.  All copies of such document(s) shall be returned to the Producing Party or destroyed within five (5) days of such notice, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection, and the Receiving Party shall confirm in writing that all copies were returned or destroyed.  No Party shall be required to make a showing of inadvertence to request the return of Confidential Material subject to the attorney-client privilege or attorney-work product protection; production of materials as to which a claim of privilege is later asserted pursuant to this provision shall be deemed inadvertent.  The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s).  No Party shall use or refer to any information contained within the document(s) at issue unless and until the Producing Party agrees or a motion to compel is granted by the Court.

20. The production by a Party of any privileged document(s) belonging to any other Party shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including, without limitation, the attorney-client privilege, the joint defense privilege, the work product doctrine, and any other privilege that may be applicable, provided that the Party asserting privilege as to the document(s) notifies the Producing Party in writing promptly after discovery of the production of the privilege document(s). All copies of such document(s) shall be returned to the Party asserting privilege or destroyed within five (5) days of such notice. The Party asserting privilege shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the Party asserting privilege agrees or a motion to compel is granted by the Court.

21. This Stipulation may be changed by further order of the Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22. This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. A signed facsimile or electronic copy of the Stipulation will be deemed an original.

| | |
|---|---|
| BURSOR & FISHER, P.A. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| By: */s/Yitzchak Kopel*<br>　　Yitzchak Kopel<br>　　Alec Leslie<br>888 Seventh Ave<br>New York, NY 10019<br>Tel.: 646-837-7127<br>ykopel@bursor.com<br><br>　*Attorneys for Plaintiffs*<br><br>Dated: New York, New York<br>　　　　April 28, 2023 | By: */s/Kelly M. Cardin*<br>　　Kelly M. Cardin<br>　　Matthew P. Gizzo<br>　　Jessica R. Schild<br>599 Lexington Avenue, 17th Floor<br>New York, New York 10022<br>Tel.: 212-492-2500<br>kelly.cardin@ogletree.com<br>matthew.gizzo@ogletree.com<br>jessica.schild@ogletree.com<br><br>　*Attorneys for Defendant*<br><br>Dated: New York, New York<br>　　　　April 28, 2023 |

SO ORDERED:

Dated: New York, New York
　　　　May 1, 2023

*[signature: Gabriel W. Gorenstein]*

Honorable Gabriel W. Gorenstein
United States Magistrate Judge

# EXHIBIT A

<u>ACKNOWLEDGDMENT OF RECEIPT OF CONFIDENTIAL INFORMATION</u>

The undersigned, for and on behalf of himself/herself/itself and his/her/its employees, agents and representatives, hereby acknowledges receipt of information which has been designated as "Confidential" pursuant to the terms and restrictions of the Confidentiality Stipulation (the "Stipulation") signed and entered in *Rosalba Espinal and Juan Rivera v. Sephora USA, Inc.*, Case No. 1:22-cv-03034, and that the undersigned has been given a copy of and has read and understands such Stipulation. The undersigned agrees to abide and be bound by its terms and provisions. Among other things, the undersigned understands that he/she/it shall not disclose (as defined in the Stipulation) any of such Confidential Information to any parties not covered by the Stipulation, and that such Confidential Information, including copies of any Confidential Information, is to remain in his/her/its personal custody until the undersigned has completed his/her/its assigned duties, whereupon such Confidential Information is to be destroyed or returned to the person or entity that provided the undersigned with such material. The undersigned further agrees to notify any stenographic, administrative, or clerical personnel who are required to assist him/her/it of the terms of the Stipulation. The undersigned agrees and attests to his/her/its understanding of this Acknowledgment and that in the event the undersigned or any of his/her/its agents or employees fails to abide by the terms of the Acknowledgement, the undersigned may be subject to legal action and/or other sanctions imposed for such failure.

_____
Signature

_____
Print Name