UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROSALBA ESPINAL and JUAN RIVERA,                    :
individually and on behalf of all others similarly
situated,                                           :
                                                         ORDER
                    Plaintiffs,                     :    22 Civ. 03034 (PAE) (GWG)

        -v.-                                        :

SEPHORA USA, INC.,                                  :

                    Defendant.                      :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

   The recent case of Grant v. Glob. Aircraft Dispatch, Inc., 2024 WL 172900 (N.Y. App. Div. 2d Dep't Jan. 17, 2024) has called into question the result reached in the Court's Report and Recommendation (Docket # 32) and the Opinion and Order adopting that Report and Recommendation (Docket # 39). The Court will therefore sua sponte reconsider the Report and Recommendation in light of the Grant case. See, e.g., Esposito v. Suffolk Cnty. Community College, 517 F. Supp. 3d 126, 134 (E.D.N.Y. 2021) ("Sua sponte reconsideration is appropriate where . . . there is an intervening change in the applicable law. . . .") (citation and quotation marks omitted).

   Accordingly, the parties are directed to re-brief the motion to dismiss, except with respect to the issues of subject matter jurisdiction and standing. Defendant's brief shall be filed on or before February 15, 2024. Plaintiffs' opposition shall be filed on or before February 29, 2024. Any reply shall be filed by March 7, 2024. The parties may adjust these dates by agreement without application to the Court as long as any new agreed schedule is disclosed in a letter to the Court filed on ECF.

   The parties should discuss whether they wish to stay discovery pending the Court's reconsideration of its decision on the motion to dismiss. Any contested application to stay discovery shall comply with paragraph 2.A of the Court's Individual Practices.

   Because a new decision on the motion to dismiss may moot the pending motion for summary judgment, the defendant's motion for summary judgment (Docket #60) is deemed withdrawn.[1]

---

[1] The Court notes that it disagrees with plaintiffs' implicit suggestion (Docket # 72) that the Court should not enter an order of dismissal should defendant prevail on its motion to dismiss. If, as plaintiffs contend, any such ruling would be incorrect, plaintiffs need only appeal that result to the Second Circuit. If the law has not been clarified by the New York Court of Appeals by the time briefing occurs in the Second Circuit, plaintiffs may argue that the Second

Dated: February 1, 2024
       New York, New York

                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge

---

Circuit should certify the question to the New York Court of Appeals. <u>See</u> Second Circuit Rule § 27.2; 22 N.Y.C.R.R. § 500.27. In any event, the Court is unaware of authority that allows any result other than dismissal in the event a defendant prevails on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court makes no definitive ruling at this time, however. Plaintiffs are free to raise the issue in their opposition memorandum to the motion to dismiss.