UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
ROSALBA ESPINAL and JUAN RIVERA,          :
individually and on behalf of all others similarly   :
situated,                                          :
                                                   :
                      Plaintiffs,   :   Case No. 1:22-cv-03034 (PAE)(GWG)
                                                   :
            -against-              :
                                                   :
SEPHORA USA, INC.,                          :
                                                   :
                   Defendant.   :
-------------------------------------------------------------- x

 

## DEFENDANT SEPHORA USA, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

 

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Kelly M. Cardin
Matthew P. Gizzo
Caitlin L. O'Fallon
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500
kelly.cardin@ogletree.com
matthew.gizzo@ogletree.com
caitlin.ofallon@ogletree.com

*Attorneys for Sephora USA, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     LEGAL ARGUMENT ............................................................................................. 2

        A.      Plaintiffs' Pay Frequency Claim Should Be Dismissed Because the Court Of Appeals is Likely To Adopt *Grant*. ............................................................. 2

                1.     The Second Department's Holding in *Grant* is Better Reasoned. .............. 2

                2.     Plaintiffs' Arguments Concerning Civil Penalties Misses the Mark. ......... 3

                3.     Plaintiffs' Analysis of the Department Of Labor's October 28, 2010 Opinion Letter is Strained. .......................................................................... 6

        B.      *Grant* Reflects a Shifting Trend in Doctrinal Developments of the Post-*Vega* Case Law. ......................................................................................................... 7

        C.      The *Grant* Decision Leads To Reasonable And Expected Results. ....................... 8

        D.      If The Legislature Intended on A Private Right of Action for Violations of Section 191, It Would Have Expressly Provided for One When It Passed the 2021 "No Wage Theft Loophole Act." ......................................................................... 9

III.    CONCLUSION ..................................................................................................... 10

CERTIFICATE OF SERVICE ......................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993) .................................................................9

*De Los Santos v. Hat Trick Pizza, Inc.*, No. 16 Civ. 6274, 2018 U.S. Dist. LEXIS 51383
    (S.D.N.Y. Mar. 27, 2018) ........................................................................................6

*Galante v. Watermark Services IV, LLC*,
No. 23-cv-6227, 2024 U.S. Dist. LEXIS 40337 (W.D.N.Y. Mar. 7, 2024) ........................ *passim*

*Georgiou v. Harmon Stores*, No. 22-cv-02861, 2022 U.S. Dist. LEXIS 234643
    (E.D.N.Y. Dec. 9, 2022) ........................................................................................2

*Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (App. Div. 2d Dep't 2024)............ *passim*

*Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022).....................1, 2, 3, 8

*Matter of New Creation Fellowship of Buffalo*, No. PR 21-009
    (Indus. Bd. of Appeals Jan. 17, 2024).......................................................................7

*Rogers v. City of Troy*, 148 F.3d 52 (2d Cir. 1998) .........................................................9

*Vega v. CM Assoc. Const. Mgt., LLC*, 175 A.D.3d 1144 (App. Div. 1st Dep't 2019) ........1, 2, 3, 7

ADMINISTRATIVE DECISIONS

*Hudson Valley Mall Dental*, No. PR 12-034 (Indus. Bd. of Appeals Aug. 7, 2014).....................7

*Matter of New Creation Fellowship of Buffalo*, No. PR 21-009
(Indus. Bd. of Appeals Jan. 17, 2024)...........................................................................7

*Ram Hotels, Inc.*, No. PR 08-078 (Indus. Bd. Of Appeals Oct. 11, 2011) .....................................7

STATUTES

Fair Labor Standards Act ("FLSA") .............................................................................9

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

N.Y. Lab. Law § 197 ................................................................................................4

N.Y. Lab. Law § 198(1-a)..........................................................................................5

N.Y. Lab. Law § 199-a .............................................................................................4

N.Y. Lab. Law § 218(1)................................................................................................3, 4

**OTHER AUTHORITIES**

Guidelines - Civil Penalties for Labor Law Violations, New York State Department of Labor.....4

New York State Depoartment of Labor's "Labor Standards Complaint Form" (Mar. 2024 ed.),
    https://dol.ny.gov/system/files/documents/2024/03/ls223.pdf (last visited Mar. 28, 2024)......4

New York State Department of Labor Opinion Letter, May 8, 2007 ...............................................5

*Unpaid/Withheld Wages and Wage Supplements*, https://dol.ny.gov/unpaidwithheld-wages-and-
    wage-supplements (last visited Apr. 16, 2024)..........................................................................4

## I.     <u>PRELIMINARY STATEMENT</u>

Defendant Sephora USA, Inc. ("Sephora") respectfully submits this memorandum of law in further support of its motion to dismiss Plaintiffs Rosalba Espinal and Juan Rivera's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The task before the Court is to determine how the Court of Appeals would decide the question of whether a private right of action for pay frequency claims exists under the New York Labor Law. That question is ***not*** answered by reviewing how many decisions followed *Vega* prior to the *Grant* decision, nor how many decisions follow *Vega* after. Prior to *Grant*, courts had little choice but to follow *Vega*. Since *Grant*, while a handful of decisions have followed *Vega*, those decisions are not indicative of how the Court of Appeals would decide the issue. To be sure, quantity does not trump quality, and, here, *Grant* is the better reasoned decision and aligns more closely with how the Court of Appeals likely would decide the issue, especially in light of its post-*Vega* decision in *Konkur*.

*Vega* is a mere seven paragraph decision that represented a transformational shift in the application of New York law based on little more than Merriam-Webster. The *Grant* decision, by contrast, considered *Vega's* rationale, traced the legislative history of the relevant provisions of the New York Labor Law, and analyzed the Court of Appeals' decision in *Konkur*. After conducting that extensive analysis, the Second Department concluded that there is no private right of action for a frequency of pay claim..  The Court of Appeals is likely to do the same.

As discussed further herein, the reasoning of *Grant* is sound and well-developed. As such, this Court should follow *Grant*, and dismiss Plaintiffs' sole claim under New York Labor Law Section 191.

## II.   <u>LEGAL ARGUMENT</u>

**A.      Plaintiffs' Pay Frequency Claim Should Be Dismissed Because the Court Of Appeals is Likely To Adopt *Grant*.**

Plaintiffs are patently incorrect in their assertion that "Defendant does not argue that a private right of action is not available pursuant to Article 6 of the [New York Labor Law], which covers Plaintiffs' instant claim." (ECF Doc. No. 70, at 11.) Sephora's argument is *exactly* that – Article 6 of the New York Labor Law provides neither an express nor an implied private right of action for alleged violations of Section 191. This was the Second Department's holding in *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (App. Div. 2d Dep't 2024), which the Court of Appeals is likely to adopt. Indeed, the Second Department's thorough analysis in *Grant*, the structure of the New York Labor Law, guidance from the New York State Department of Labor ("DOL"), and decisions from the Industrial Board of Appeals ("IBA") support this conclusion.

1.      <u>The Second Department's Holding in *Grant* is Better Reasoned.</u>

As set forth in Sephora's moving submission, the Court should apply the holding in *Grant* not only because it is correct, but also because it is more likely to be adopted by the New York Court of Appeals than the holding in *Vega v. CM Assoc. Const. Mgt., LLC*, 175 A.D.3d 1144 (App. Div. 1st Dep't 2019). *Grant* is a well-reasoned decision based on a thorough examination of the plain meaning and legislative purpose of the relevant statutory scheme as a whole. Additionally, in deciding *Grant*, the Second Department had the benefit of the Court of Appeal's decision in *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022), which analyzed the absence of a private right of action under a different provision of the New York Labor Law. It bears further noting that, pre-*Grant*, at least one federal court correctly assessed the import of *Konkur* and found that there was no implied right of action for pay frequency claims. *See Georgiou v. Harmon Stores*, No. 22-cv-02861, 2022 U.S. Dist. LEXIS 234643, at *10-11 (E.D.N.Y. Dec. 9,

2

2022) (expressly abrogating *Vega*'s holding that an implied right of action exists under Section 191). In contrast, *Vega* is outdated (decided before *Konkur*), and narrowly relies on little more than a strained interpretation of a single term within the statutory provision, "underpayment," and an incorrect understanding of the legislative purpose.

Moreover, *Vega* is an outlier decision whereas *Grant* restores the law to the pre-*Vega* status quo and follows the New York State and federal courts who consistently held for decades that there is no private right of action when an employee is paid in full but late. (*See* ECF Doc. No. 76, at 8, n.2.) Plaintiffs' reliance on pre-*Grant* federal court decisions to undermine this contention is therefore unavailing. (*See* ECF Doc. No. 78, at 5.) Indeed, these decisions are largely irrelevant, given that until *Grant*, *Vega* was the only appellate authority on point. Such is not the case anymore.

  2. <u>Plaintiff's Arguments Concerning Civil Penalties Misses the Mark.</u>

Plaintiff's argument regarding Section 218 is off base. Section 218 of the New York Labor Law classifies labor violations in two categories: (i) wage claims, which are violations for failing to pay "wages, benefits or wage supplements found to be due"; and (ii) non-wage claims, which are violations "for a reason *other than* the employer's *failure to pay wages*." N.Y. Lab. Law § 218(1) (emphasis added). Remedies differ for each type of violation. *Id.* For violations of wage claims, the DOL lacks discretion in ordering remedies; it must issue an order for the full amount of "wages, benefits, or wage supplements found to be due, and liquidated damages in the amount of one hundred percent of unpaid wages[.]" *Id.* ("In no case shall the [Commissioner's] order direct payment of an amount less than the total wages, benefits, or wage supplements found by the commission to be due, plus…liquidated damages"). In contrast, where the violation is "for a reason **other than the employer's failure to pay wages**," the Commissioner is entitled to issue civil

penalties up to $3,000 – but not liquidated damages – for non-wage claims.[1] *Id.* (emphasis added). Stated differently, if a pay frequency error were a wage claim, the DOL would have been required by statute to assess liquidated damages.   The DOL has not done so; its guidelines, website, complaint form, and opinion letters indicate that untimely payments are non-wage claims for which there is no entitlement to liquidated damages under § 218.

The DOL's "Guidelines - Civil Penalties for Labor Law Violations" supports this distinction, and the conclusion that violations of Section 191 are not subject to liquidated damages. (Ex. A.) The guidelines explain that civil penalties of up to $3,000 are available under Section 218 "where the violation is for a reason ***other than the employer's failure to pay wages***, benefits or wage supplements found to be due." (*Id.* (emphasis added).) It then explicitly identifies the "failure to make timely payment of wages" under Section 191 as a labor law violation ***other than failure to pay wages***. (*Id.* (emphasis added).)

Critically, the DOL categorizes wage laws into different buckets: (i) Unpaid Wages; (ii) Unpaid Wage Supplements (*e.g.*, vacation); (iii) Minimum Wage/Overtime; and (iv) ***Non-Wage Items***. *See Unpaid/Withheld Wages and Wage Supplements*, https://dol.ny.gov/unpaidwithheld-wages-and-wage-supplements (last visited Apr. 16, 2024) (emphasis added). Pay frequency matters are "non-wage" claims under this scheme. *Id.* ("Non-Wage Items: Your employer failed to provide the required meal period, day of rest, pay stub, notice of pay, ***timely payment of wages***…" (emphasis added).) The Department of Labor's Complaint Form likewise identifies frequency of pay claims as non-wage complaints. *See* New York State Department of Labor's "Labor        Standards        Complaint        Form"        (Mar.        2024        ed.),

---

[1] The Department of Labor can also bring a civil action for penalties, and employers who violate the law may be subject to criminal prosecution by the Attorney General. *See* N.Y. Lab. Law §§ 197, 199-a.

4

[https://dol.ny.gov/system/files/documents/2024/03/ls223.pdf]   (last   visited   Apr.   16,   2024)

(categorizing the failure to "pay wages on time" as a non-wage complaint under Part 8).

Moreover, contrary to Plaintiffs' assertion, (*see* ECF Doc. No. 79, at 15), DOL opinion

letters mirror this classification and suggest that violations of Section 191 are not wage claims and,

therefore, not subject to compulsory imposition of liquidated damages. *See* DOL Op. Ltr., May 8,

2007 (noting violations of Section 191's pay frequency requirement would be subject to civil

penalties and not identifying liquidated damages as a remedy). (Ex. B.)[2]

As aptly noted by Plaintiffs, the "[i]nterpretation of a statute by the agency charged with

its enforcement is, as a general matter, given great weight and judicial deference so long as the

interpretation is neither irrational, unreasonable nor inconsistent with the governing statute." (ECF

Doc. No. 79, at 22 (quoting *Moran Towing & Transp. Co. v. N.Y. State Tax Com.*, 72 N.Y.2d 166,

173 (1988).) The DOL's guidelines, opinion letters, website and complaint form *clearly* indicate

that frequency of pay violations are ***not*** considered wage claims, and the DOL's conclusion must

be given appropriate deference. Moreover, logic compels that, because frequency of pay violations

are not "wage claims," Section 198 of the New York Labor Law is patently inapplicable. *See* N.Y.

Lab. Law § 198(1-a) ("In any action instituted in the courts upon a ***wage claim*** by an employee or

the commissioner in which the employee prevails, the court shall allow such employee to recover

the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as

required under the civil practice law and rules and…an additional amount as liquidated damages")

(emphasis added)).

IBA decisions further support this conclusion, as the IBA awards civil penalties for

violations of Section 191. If a frequency of pay violation were a wage claim, the IBA – like the

---

[2] Plaintiffs quote the DOL's Opinion Letter dated October 28, 2010 to support their contention that the DOL "has explicitly held that a private right of action exists" for violations of Section 191. (ECF Doc. No. 79, at 21.)

DOL – would have been **statutorily required** to impose liquidated damages. The IBA has not, pre-*Vega* or post-*Vega,* imposed liquidated damages, signifying that the IBA interpretation accords with *Grant*, not *Vega*. *See, e.g.*, *Ram Hotels, Inc.*, No. PR 08-078 at p. 2 (Indus. Bd. Of Appeals Oct. 11, 2011)[3] (awarding a civil penalty of $100, but not liquidated damages, for pay frequency violation); *Hudson Valley Mall Dental*, No. PR 12-034, at p. 1 (Indus. Bd. of Appeals Aug. 7, 2014)[4] (same); *Matter of New Creation Fellowship of Buffalo*, No. PR 21-009 (Indus. Bd. of Appeals Jan. 17, 2024).[5]

        3.       <u>Plaintiffs' Analysis of the Department Of Labor's October 28, 2010 Opinion Letter is Strained.</u>

Plaintiffs' reliance on the DOL's October 28, 2010 opinion letter, (*see* ECF Doc. No. 24-8, at 4-5; ECF Doc. No. 78, at 21) is misguided. First, the question posed in the letter is wholly unrelated to frequency of pay; it probes, "Can we require employees sign off on their weekly timesheets[], so that they are agreeing with their pay for that week and can request corrections prior to being processed and distributed[?]" (ECF Doc. No. 24-8, at 4.) While the DOL's response touches upon Section 191's frequency of pay requirements, Plaintiffs' use of brackets to insert the term "NYLL 191" and exclusion of the phrase "or any other section of the Labor Law" perverts the response to something other than what the DOL intended. (*See* ECF Doc. No. 79, at 21 ("…the employee's signature on a weekly timesheet…neither relieves the employer of its obligations under []Section [191], nor does it prevent an employee from filing a complaint with this Department or bringing an action for violation of [NYLL § 191.]"); *compare* ECF Doc. No. 24-8 ("…the employee's signature on a weekly timesheet neither relieves the employer of its obligations under this Section, **or any other under the Labor Law**, nor does it prevent an employee from filing

---

[3] https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-08-078.pdf
[4] https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-034.pdf
[5] https://industrialappeals.ny.gov/system/files/documents/2024/02/pr-21-009.pdf

a complaint with this Department or bringing an action for a violation of that ***or any other section of the Labor Law***." (emphasis added).) In so responding, the DOL was unequivocally explaining that having an employee sign a weekly timesheet does not insulate employers from any and all liability under the New York Labor Law. To infer otherwise would mean that the statement "nor does it prevent an employee from…bringing any action for a violation of that ***or any other section of the Labor Law"***, (*id.* (emphasis added)), created a private right of action for any and every violation of the New York Labor Law – a conclusion that is undeniably incorrect. *See e.g.*, *De Los Santos v. Hat Trick Pizza, Inc.*, No. 16 Civ. 6274, 2018 U.S. Dist. LEXIS 51383, at *10 (S.D.N.Y. Mar. 27, 2018) (holding that no private of action exists for violation of Section 162's meal break requirement) (collecting cases).

**B.** ***Grant* Reflects a Shifting Trend in Doctrinal Developments of the Post-*Vega* Case Law.**

Despite feeling obligated to adopt *Vega* (when there was no appellate decision to the contrary), many pre-*Grant* federal courts expressed doubt as to the correctness of the *Vega* decision. (*See* ECF Doc. No. 76, at 14-15). At least one federal court has followed *Grant*, and others will likely follow suit. In *Galante v. Watermark Services IV, LLC*, the court analyzed the First Department and Second Department's diverging holdings and concluded that, as between *Grant* and *Vega*, "[*Grant*] better reflects how the New York Court of Appeals would decide the issue." No. 23-cv-6227, 2024 U.S. Dist. LEXIS 40337, at *28 (W.D.N.Y. Mar. 7, 2024).

The *Galante* court adopted *Grant*'s interpretation of the plain meaning of the statute:

> The "usual and commonly understood meaning[s]," *Peyton v. N.Y.C. Bd. Of Standards & Appeals*, 36 N.Y.3d 271, 279, 140 N.Y.S.3d 447, 164 N.E.3d 253 (2020), of "less than" and "underpayment" refer to situations in which an employee has not received the amount of wages she is entitled to, rather than situations in which she has received them one week late. Section 198(1-a) is better understood, then, as providing a remedy for violations of

7

> statutes governing how much an employer must pay and employee,
> not how frequently the employer must do so.

*Id.* The court concluded that this interpretation comported with the applicable legislative history. While examining the history of Section 198, the court observed that "[t]he thread running through the legislative history … is that liquidated damages are available when an employee has received *either none or less than the wage to which she is entitled.*" *Id.* at *25 (emphasis added). Ultimately, "[i]n light of the text, purpose, and history of the statute," the *Galante* court concluded the Court of Appeals is more likely to adopt the reasoning of *Grant*, such that the New York Labor Law does not provide an express private right of action for violations of the weekly pay requirement.

The *Galante* court also adopted *Grant*'s holding that there is no implied private right of action. In accordance with the Court of Appeals' decision in *Konkur*, the court found that recognition of a private right of action would not be consistent with the legislative scheme because of the availability of civil enforcement under Section 218. The court concluded that "in light of the robust enforcement mechanism set out in § 218…the New York Court of Appeals would decline to find an implied private right of action for violations of § 191." *Id.* at *31.

## C.   The *Grant* Decision Leads To Reasonable And Expected Results.

Plaintiffs argue that "[t]here is no reasonable place to draw the line" as to when a wage becomes "unpaid" under Section 198-a "other than the actual, statutorily mandated due date." (ECF Doc. No. 79, at 15.) In doing so, Plaintiffs rely on the Ninth Circuit's decision in *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993); there, the court addressed the late payment of employees' pay checks due to a budget impasse in violation of the FLSA's prompt payment requirement. *Id.* at 1538. The Ninth Circuit held that the FLSA's prompt payment requirement is violated unless the minimum wage is paid on the employee's regular payday in part because "[a]ny kind of sliding scale we can think of… would be contrary to the statute's direction that employers shall 'pay' the

minimum wage and that employees are entitled to recovered 'unpaid' minimum wages." *Id.* at 1540-41. Unlike the Ninth Circuit, however, the Second Circuit has a "sliding scale" approach to determining whether the FLSA's prompt payment requirement is met. *See Rogers v. City of Troy*, 148 F.3d 52 (2d Cir. 1998).

In *Rogers*, the Second Circuit opined on whether defendant's implementation of a biweekly payroll period as opposed to the weekly previously used (which required defendant to delay plaintiffs' pay by one day each week for five weeks) violated the FLSA's prompt payment requirement. The Court held that, when an employer changes its pay schedule, it does not violate the FLSA so long as the change: (i) was made for a legitimate business purpose; (ii) did not result in an unreasonable delay in payment; (iii) was intended to be permanent; and (iv) did not result in violation of the substantive minimum wage or overtime provisions of the FLSA. *Id.* at 56. The Second Circuit held that while "*Biggs* in no way contradicts the result [it reached in *Rogers*[,]" "to the extent…that there are inconsistencies between [its] reasoning and the reasoning of the Ninth Circuit in *Biggs*, *[it] respectfully decline[d] to follow that Circuit's opinion*." *Id.* at 56, n.3. In so holding, the Second Circuit effectively acknowledged that there is in fact a reasonable place to draw the line as to when a wage becomes unpaid other than the actual, statutorily mandated due date. Here, Sephora's purported one-week delay in processing payroll was not unreasonable and clearly did not result, nor was intended to result, in violation of any minimum wage or overtime provisions, as Plaintiffs' concede that they were, in fact, paid all wages due.

**D.    If The Legislature Intended on A Private Right of Action for Violations of Section 191, It Would Have Expressly Provided for One When It Passed the 2021 "No Wage Theft Loophole Act."**

As noted by the Court in *Galante*, the 2021 "No Wage Theft Loophole Act" amended Sections 193 and 198 of the New York Labor Law, adding identical language to both: "There is

no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements." *Galante*, 2024 U.S. Dist. LEXIS 40337, at *27 (quoting 2021 N.Y. Sess. Laws, ch. 397, §§ 3, 4) (internal quotation omitted). The legislature "clarif[ied] that…the unauthorized failure to pay wages, benefits, and wage supplements has always been encompassed by the prohibitions of section 193." *Id.* (quoting 2021 N.Y. Sess. Laws, ch. 397, § 1) (internal quotation omitted). In doing so, the "legislature…made it clear that § 193, ***not §191***, establishes the employer's obligation to pay 'full wages, benefits, and wage supplements.'" *Id.* (emphasis added). Accordingly, the New York State Legislature does not intend for Section 191 to provide for a right of action for the late payment of wages, as Plaintiffs contend.

### III.    CONCLUSION

For each of the foregoing reasons, Sephora respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice in its entirety, and award to Sephora such other and further relief as it deems just and proper.[6]

---

[6] Sephora takes no position on whether the Court should stay proceedings pending the Court of Appeals' anticipated review of *Grant*.

Dated: New York, New York
       April 18, 2024

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Kelly M. Cardin*
      Kelly M. Cardin
      Matthew P. Gizzo
      Caitlin L. O'Fallon
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500
kelly.cardin@ogletree.com
matthew.gizzo@ogletree.com
caitlin.ofallon@ogletree.com

*Attorneys for Sephora USA, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2024, I served, via the CM/ECF system, a true and correct copy of the foregoing Reply Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint upon counsel of record for all parties.


*/s/ Kelly M. Cardin*
Kelly M. Cardin

12