# EXHIBIT B

... 



**New York State Department of Labor**
Eliot Spitzer, *Governor*
M. Patricia Smith, *Commissioner*

May 8, 2007

███████████████
███████████████

Re:  Request for Opinion
     Frequency of Payment – Labor Law §191
     Our File No.: RO-07-0041

Dear ██████████

    I have been asked to respond to your letter of May 2, 2007 in which you ask a number of questions based on the following scenario:  you have a client "contemplating expanding its operations to locations within the State of New York."  This will involve hiring 200-300 employees "in a wide range of functions, including manual warehouse workers."  You state that your client's current payroll practice provides for bi-weekly payment of wages to all classes of workers.  You also state, however, that "based on the terms of Section 191, and the scenario presented, it appears the Employer may (sic) be in violation with (sic) the Frequency of Payments provision under Article 6."

    Your first two questions ask whether the above analysis is correct and whether any exemptions exist based on the facts provided.  Labor Law §191(1)(a)(i) states that manual workers "shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."  The only exemption to this provision is set forth in Labor Law §191(1)(a)(ii).  However, that section only applies to employers who have employed an average of one thousand or more persons in this state for the three years preceding their request for an exemption.  Accordingly, the answers to your first two questions are that your analysis is correct and that there are no exceptions based upon the facts provided.

    In your third question you ask, in essence, how the amount of penalties for such a violation would be calculated based upon the up to $1,000.00, $2,000.00, or $3,000.00 civil penalties imposed on, respectively, first, second or third offenders as provided Labor Law §218.  The Department interprets "second," "third" and "subsequent" violations to mean that prior to imposing the greater penalties allowable for such violations, there must be one or more previously issued "predicate offences."  In other words, the "first" violation must be issued prior

Phone: (518) 457-4380 Fax:  (518) 485-1819
W. Averell Harriman State Office Campus, Bldg. 12, Room 509, Albany, NY 12240

www.labor.state.ny.us                            bcejjs@labor.state.ny.us

to, and not simultaneously with, the "second." Please also take further note that the Department interprets Labor Law §218(4) to mean that a separate penalty may be imposed for each violation occurring in regard to each separate worker on each separate payday. In this situation, if your client were to set up a New York State business in which 200 persons were employed as manual workers, and if the employer were to pay those workers on a bi-weekly, rather than weekly, basis such that over the course of two months the workers were paid on four paydays rather than eight, the Department could impose penalties based on each failure to pay each worker on each of the four missed paydays, which penalties for such "first offense" could total up to $800,000.00 (200 x 4 x $1,000.00).

This opinion is based upon the information provided in your letter of May 2, 2007. A different opinion might result if any facts provided have been inaccurately stated, or if there are other relevant facts which have not been disclosed. If you have any further questions, please feel free to contact me.

Very truly yours,

Maria L. Colavito, Counsel

By: Jeffrey G. Shapiro
Senior Attorney

cc: Carmine Ruberto

JGS:dmm

bcc:   Opinion File
       Jeffrey G. Shapiro, Counsel
       CO Dayfile (RO-07-0041)