UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSALBA ESPINAL and JUAN RIVERA,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

     -v-

SEPHORA USA, INC.,

             Defendant.

Case No. 1:22-cv-03034-PAE-GWG

---

### DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE GORENSTEIN'S JULY 31, 2024 REPORT AND RECOMMENDATION

---

**LITTLER MENDELSON, P.C.**
Kelly M. Cardin
Vinay D. Patel
900 Third Avenue, 8th Floor
New York, New York 10022
212.583.9600
kcardin@littler.com
vpatel@littler.com

*Attorneys for Defendant*
*Sephora USA, Inc.*

## TABLE OF CONTENTS

**Page(s)**

I.     PRELIMINARY STATEMENT .................................................................................. 1

II.    BACKGROUND & PROCEDURAL HISTORY ..................................................... 1

III.   STANDARD OF REVIEW ..................................................................................... 3

IV.    ARGUMENT ............................................................................................................ 4

      A.     Plaintiffs' Updated Tally of Cases Following *Vega* Does Not
           Support a Finding of Clear Error. ............................................................. 6

      B.     Plaintiffs' Re-Argument Concerning "Illegal Contracts"
           Does Not Support a Finding of Clear Error. ............................................. 7

      C.     The R&R Makes No Clear Error Regarding the FLSA. ............................ 9

      D.     The R&R Contains No Clear Error Regarding Its Assessment
           of Legislative Intent. .............................................................................. 11

      E.     There Is No Clear Error in the R&R's Rejection of Plaintiffs'
           Argument Regarding NYLL § 218. ........................................................ 14

V.     PLAINTIFFS' REQUEST TO STAY .................................................................... 15

VI.    CONCLUSION ....................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Courier Conference of Am. v. Am. Postal Workers Union,*
498 U.S. 517 (1991)................................................................................................8

*Bandhan v. Lab. Corp. of Am.,*
234 F.Supp.2d 313 (S.D.N.Y. 2002)......................................................................3

*Batista v. Walker,*
94-CV-2826, 1995 WL 453299 (S.D.N.Y. July 31, 1995)......................................6

*Biggs v. Wilson,*
1 F.3d 1537 (9th Cir. 1993) ............................................................................8, 9, 10

*Brooklyn Savings Bank v. O'Neil,*
324 U.S. 697 (1945)..........................................................................................10, 11

*Brooks v. Village of Ridgefield Park,*
978 F. Supp. 613 (D.N.J. 1997) ..............................................................................5

*Bryant v. Buffalo Exch., Ltd.,*
No. 23-cv-8286 (AS), 2024 WL 3675948 (S.D.N.Y. Aug. 6, 2024)......................10

*Castillo v. G&M Realty L.P.,*
950 F.3d 155 (2d Cir. 2020)....................................................................................3

*Corporan v. Regeneron Pharmaceuticals,*
No. 21-cv-5069 (S.D.N.Y. Jan. 24, 2022) .............................................................14

*Covington v. Childtime Childcare, Inc.,*
2024 WL 2923702 (N.D.N.Y. June 10, 2024).........................................................6

*Edwards v. Fischer,*
414 F.Supp.2d 342 (S.D.N.Y. 2006).......................................................................3

*Erickson v. Jernigan Cap., Inc.,*
692 F.Supp.3d 114 (2023) ..................................................................................4, 12

*Galante v. Watermark Servs. IV, LLC,*
2024 WL 989704 (W.D.N.Y. Mar. 7, 2024)....................................................6, 9, 12

*Grant v. Glob. Aircraft Dispatch, Inc.,*
223 A.D.3d 712 (2d Dep't 2024) ................................................................. *passim*

*Harris v. TD Ameritrade Inc.*,
    338 F. Supp. 3d 170 (S.D.N.Y. 2018) ................................................................. 3

*Levy v. Endeavor Air Inc.*,
    2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024) ..................................................... 6

*Lubonty v. U.S. Bank Nat'l Ass'n*,
    34 N.Y. 3d at250 (2019) .................................................................................... 9

*Michel v. Immigr. and Naturalization Serv*,
    206 F.3d 253 (2d Cir. 2000) ............................................................................... 8

*Moran Towing & Transp. Co. v. N.Y. State Tax Com.*,
    72 N.Y.2d 166 (1988) ...................................................................................... 15

*N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*,
    341 F. Supp. 3d 334 (S.D.N.Y. 2018) ............................................................... 3

*Nelson v. Smith*,
    618 F.Supp. 1186 (S.D.N.Y. 1985) ................................................................... 3

*Ortiz v. Ciox Health LLC*,
    37 N.Y.3d 353 (2021) ...................................................................................... 15

*Phillips v. Max Finkelstein, Inc.*,
    73 Misc. 3d 1 (App. Term 2d Dep't 2021) ...................................................... 15

*People v. Robinson*,
    95 N.Y.2d 179 (2000) ........................................................................................ 5

*Rogers v. City of Troy*,
    148 F.3d 52 (2d Cir. 1998) ............................................................................... 10

*U.S. v. Gardin*,
    451 F. Supp. 2d 504 (W.D.N.Y. 2006) .............................................................. 4

*Vega v. CM & Assocs. Constr. Mgt., LLC*,
    175 A.D.3d 1144 (1st Dep't 2019) ........................................................... *passim*

*Zachary v. BG Retail*,
    No. 22-CV-10521 (VB), 2024 WL 554174 (S.D.N.Y Feb. 12, 2024) ................ 8

*Zimmerman v. Regal Cinemas*,
    No. 22-cv-2851 (S.D.N.Y. Sept. 1, 2022) ........................................................ 14

## Statutes and Other Authorities

28 U.S.C. § 636(b)(1)(C) ............................................................................................ 3

Fair Labor Standards Act ................................................................................................5, 9, 10, 11

Fed. R. Civ. P. 12(b)(1)...........................................................................................................2

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2

Fed. R. Civ. P. 72(b) ...............................................................................................................6

Gov't, *Client Semi-Annual Filing Period: 2023 - January/June*,
    https://reports.ethics.ny.gov/publicquery/ViewFiling/CSA/NDkzODA50 (last
    visited Sept. 11, 2024) ....................................................................................................13

Gov't, *Client Semi-Annual Filing Period: 2023 – July/December*,
    https://reports.ethics.ny.gov/publicquery/ViewFiling/CSA/NTUyNDYy0 (last
    visited Sept. 11, 2024) ....................................................................................................13

Gov't, *Client Semi-Annual Filing Period: 2024 - January/June*,
    https://reports.ethics.ny.gov/publicquery/ViewFiling/CSA/NjMyNjQz0 (last
    visited Sept. 11, 2024) ....................................................................................................13

https://www.nysenate.gov/node/12032335................................................................................13

https://www.nysenate.gov/node/12032342................................................................................13

https://www.nysenate.gov/node/12033392................................................................................13

https://www.nysenate.gov/node/12033398................................................................................13

New York Labor Law ....................................................................................................... *passim*

New York Labor Law § 191 ............................................................................................. *passim*

New York Labor Law § 193 ...............................................................................................12

New York Labor Law § 198 ...............................................................................................12

New York Labor Law § 198(1-a) ..................................................................................... *passim*

New York Labor Law § 198(2) ............................................................................................5

New York Labor Law § 218 ............................................................................................5, 14

New York Labor Law § 218(4) ............................................................................................5

No Wage Theft Loophole Act................................................................................................12

Senate Labor Committee. https://www.nysenate.gov/legislation/bills/2023/S361......................13

Senate Labor Committee. https://www.nysenate.gov/legislation/bills/2023/S6077......................13

Senate Labor Committee. https://www.nysenate.gov/legislation/bills/2023/S6108......................13

## I.    PRELIMINARY STATEMENT

The Court should adopt Magistrate Judge Gorenstein's July 31, 2024 Report and Recommendation (ECF No. 89, the "R&R") and dismiss Plaintiffs' First Amended Complaint (ECF No. 18, "Complaint ") in its entirety. In their Objection (ECF No. 95), Plaintiffs regurgitate the arguments they made in their Opposition to Sephora's Motion to Dismiss[1] (cutting and pasting significant portions of the Opposition into their Objection), but they do not even assert – let alone establish – that Judge Gorenstein committed "clear error" with respect to any portion of the R&R.

Rather, Judge Gorenstein undertook a painstaking and detailed analysis of legislative history and relevant caselaw, and predicted that, if presented with the question, the New York Court of Appeals would find no private right of action exists for a pay frequency violation of New York Labor Law ("NYLL") § 191. In so doing, Judge Gorenstein correctly found that the New York Court of Appeals would find the reasoning of *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024) more persuasive than *Vega v. CM & Assocs. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019). The R&R recommended that the Court dismiss Plaintiffs' Complaint, and this Court should adopt the R&R in full.

## II.    BACKGROUND & PROCEDURAL HISTORY

Plaintiffs Rosalba Espinal and Juan Rivera are former Sephora employees who concede they were paid all wages in full, but allege that Sephora should have paid them on a weekly, rather than bi-weekly basis. *Compl.* ¶¶ 11-12. Plaintiffs commenced this action on April 12, 2022, alleging a single count for failure to pay timely wages in violation of NYLL § 191 on behalf of themselves and a class of employees seeking to recover liquidated damages. *Id*. ¶¶ 13, 23.

---

[1] ECF No. 79, "Opposition."

On August 25, 2022, Sephora filed its first motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF Nos. 19-20.) At that time, the only state court appellate authority on this issue was the First Department's decision in *Vega.* On November 16, 2022, Magistrate Judge Gorenstein issued a Report and Recommendation recommending that the Court deny Sephora's motion to dismiss. Magistrate Judge Gorenstein wrote:

> [T]he First Department in *Vega* interpreted NYLL § 198(1-a) to 'expressly provide[] a private right of action for a violation of Labor Law § 191.' 175 A.D.3d at 1146. ***While we would likely not reach this conclusion ourselves if the issue were presented afresh, for reasons explained further below, we feel bound to follow Vega's holding on this point***.

(ECF No. 32, at 10-11 (emphasis added).) The Court adopted Magistrate Judge Gorenstein's recommendation on February 21, 2023. (ECF No. 39.)

Thereafter, in January 2024, the legal landscape shifted when the Second Department decided *Grant v. Glob. Aircraft Dispatch, Inc*., finding that no private right of action exists for a pay frequency claim under § 191. In so holding, the Second Department created an even spilt in appellate authority on this point. On February 1, 2024, Judge Gorenstein issued an Order requesting that the Parties re-brief Defendant's Motion to Dismiss, observing that "[t]he recent case of *Grant v. Glob. Aircraft Dispatch, Inc.* . . . has called into question the result reached in the Court's Report and Recommendation (Docket #32) and the Opinion and Order adopting that Report and Recommendation (Docket #39)."[2] ECF No. 73. Defendant filed its Motion to Dismiss on February 15, 2024. ECF Nos. 75-77. The matter was fully briefed on April 18, 2024, and the parties submitted several items of supplemental authority thereafter. ECF Nos. 84, 85 86, 87. On July 31, 2024, Judge Gorenstein issued his R&R, finding that there is no express or implied private

---

[2] At that time, Sephora had a motion for partial summary judgment pending, which the Court denied without prejudice, so that the Motion to Dismiss could be considered.

right of action under NYLL § 198(1-a) for a violation of NYLL § 191 where Plaintiffs were paid in full, but claim they should have been paid weekly, rather than biweekly. His R&R is well-reasoned and supported, and the Court should adopt it.

## III.    STANDARD OF REVIEW

Though a district judge may accept or reject a magistrate judge's findings, the Court will adopt a report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). The court will only make a *de novo* determination of those portions of a report to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C); *Bandhan v. Lab. Corp. of Am.*, 234 F.Supp.2d 313, 316 (S.D.N.Y. 2002).

An objection is not proper, however, if a party "makes only conclusory or general objections, *or simply reiterates the original arguments*, [and, in such cases,] the Court will review the Report strictly for clear error*." Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (emphasis added); *Edwards v. Fischer*, 414 F.Supp.2d 342, 346–47 (S.D.N.Y. 2006) ("If no objections are filed, or where objections are merely perfunctory responses, *argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition*, reviewing courts should review a report and recommendation for clear error." (internal quotation marks and citations omitted) (emphasis added). Improper objections "are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal[,]" and, thus, are subject to a clear error review. *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quotations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020) (quotations omitted).

As courts have noted, allowing the objecting party a "second bite at the apple" by permitting *de novo* review of the same arguments presented to the magistrate would not serve the purpose of assignment to magistrates, which is judicial efficiency. *U.S. v. Gardin*, 451 F. Supp. 2d 504, 507 (W.D.N.Y. 2006). Additionally, it is well-settled that "parties may not raise new arguments for the first time in objections to a report and recommendation." *Erickson v. Jernigan Cap., Inc.*, 692 F.Supp.3d 114, 120 (2023).

## IV.    ARGUMENT

Plaintiffs' Objection rehashes the same exact arguments they made in opposing the Motion to Dismiss and often uses the exact same language from their Opposition. Examples from each section of Plaintiff's Objection include (but certainly are not limited to):

| Plaintiffs' argument in Objection (ECF 95): | Plaintiffs' argument in Opposition to Motion to Dismiss (ECF 79): |
|---|---|
| **Cases Following *Vega*** ||
| Chart detailing courts following *Vega*.<br><br>*Objection,* ECF 95, at 2. | Chart detailing courts following *Vega*.<br><br>*Opposition*, ECF 79, at 3-4. |
| **When Wages Become "Unpaid"** ||
| "In this regard, *Vega* made an important point: if wages do not because [sic] unpaid once the due date passes, when do they become unpaid? If a week late is not unpaid, how about 8 days late? Or a month? Or a year? There is no reasonable place to draw the line other than the actual, statutorily-mandated due date."<br><br>*Objection*, ECF 95, at 5. | "*Vega* made an important point: if wages do not because [sic] unpaid once the due date passes, when do they become unpaid? If a week late is not unpaid, how about 8 days late? Or a month, or a year? There is no reasonable place to draw the line other than the actual, statutorily-mandated due date."<br><br>*Opposition*, ECF 79, at 9. |
| "Not only is such a contractual arrangement expressly prohibited by the NYLL, it has also been denounced by numerous courts, including the Supreme Court."<br><br>*Objection,* ECF 95, at 8. | "Not only is such a contractual arrangement expressly prohibited by the NYLL, but it has also been denounced by numerous courts, including the Supreme Court."<br><br>*Opposition*, ECF No. 79, at 12. |

| FLSA Argument | |
|---|---|
| "In *Brooks v. Village of Ridgefield Park*, 978 F. Supp. 613, 617 (D.N.J. 1997), the plaintiff challenged the schedule of paying police officers' overtime compensation monthly. There was no dispute the officers had agreed to this payment schedule in their collective bargaining agreement, *see id.* at 617, yet the plaintiff alleged that the delayed payment of overtime wages violated the FLSA."<br><br>*Objection*, ECF 95, at 5. | "For example, in *Brooks v. Village of Ridgefield Park*, 978 F. Supp. 613, 617 (D.N.J. 1997), the plaintiff was a K-9 officer in the Village of Ridgefield Police department who challenged the Village's schedule of paying officers' overtime compensation monthly. There was no dispute that the officers had agreed to this payment schedule in their collective bargaining agreement, *see id.* at 617, yet the plaintiff alleged that the delayed payment of overtime wages violated the FLSA."<br><br>*Opposition*, ECF No. 79, at 10. |
| **Legislative Intent** | |
| "By the time the Act was passed, *Vega*'s holding was widely accepted. '[I]n amending the statute … the Legislature was presumably aware of all existing decisions interpreting it.' *People v. Robinson*, 95 N.Y.2d 179, 184 (2000) (citation omitted). Those myriad decisions followed *Vega* when construing section 191."<br><br>*Objection*, ECF 95, at 20. | "By the time the Act was passed, Vega's holding was widely accepted. '[I]n amending the statute … the Legislature was presumably aware of all existing decisions interpreting it.' *People v. Robinson*, 95 N.Y.2d 179, 184 (2000) (citation omitted). Those myriad decisions followed Vega when construing section 191."<br><br>*Opposition*, ECF No. 79, at 16. |
| **NYLL § 218** | |
| "Moreover, there is no conflict between Section 198, and Section 218. *See* NYLL § 218(4) ('…the civil penalty provided for in this section shall be in addition to and may be imposed concurrently with any other remedy or penalty provided for in this chapter'); NYLL § 198(2) ('…the remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other'). . . ."<br><br>*Objection*, ECF 95, at 22. | "Moreover, there is no conflict between Section 198 and Section 218. See NYLL § 218(4) ('…the civil penalty provided for in this section shall be in addition to and may be imposed concurrently with any other remedy or penalty provided for in this chapter'); NYLL § 198(2) ('…the remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other').<br><br>*Opposition*, ECF 79, at 5-6. |

Because Plaintiffs are merely trying to reargue in their Objection what they already presented to

Judge Gorenstein, they have not raised valid objections to the R&R and this Court should review

for clear error, rather than *de novo*.[3] When performing a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995). The R&R contains no clear error on its face – and Plaintiffs do not even argue otherwise – and the Court should adopt it.[4]

A. **Plaintiffs' Updated Tally of Cases Following *Vega* Does Not Support a Finding of Clear Error.**

In their Opposition to Sephora's Motion to Dismiss, Plaintiffs directed the Court to a near identical chart of cases that they point to in their Objection. (*See* Opp. 3-4). In recycling their chart and the related arguments, Plaintiffs make no claim that Judge Gorenstein committed clear error in his findings; he did not. Rather, Judge Gorenstein explicitly acknowledged Plaintiffs' point about the cases following *Vega*:

> Following *Grant*, it appears that every federal court but one has predicted that the New York Court of Appeals would follow *Vega*. *See Covington v. Childtime Childcare, Inc*., 2024 WL 2923702, at *4 (N.D.N.Y. June 10, 2024) (collecting cases); *Levy v. Endeavor Air Inc*., 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024) ( "With one exception, every court within this Circuit that has confronted the split in appellate authority has remained persuaded by *Vega*. ") (collecting cases). The lone exception is *Galante v. Watermark Servs. IV, LLC*, 2024 WL 989704 (W.D.N.Y. Mar. 7, 2024), which has predicted that the New York Court of Appeals would follow *Grant*. *Id*. at *6.

R&R at 5. Judge Gorenstein correctly noted that ". . . the issue presented 'is not answered by reviewing how many decisions followed *Vega* prior to the *Grant* decision, nor how many decisions

---

[3] Plaintiffs do not account for this distinction in standard, but rather (and without basis) urge this Court to apply a *de novo* standard of review. Objection at 2.

[4] Though *de novo* review is not appropriate here, Sephora maintains that even under a *de novo* standard of review, the Court should adopt the well-reasoned R&R for all the reasons set forth therein and in Sephora's Motion to Dismiss papers.

follow *Vega* after.' . . . Instead, we must reach our own determination." (R&R at 6, quoting Reply at 1.) Indeed, the task before the Court in deciding Sephora's Motion to Dismiss is to determine how the New York Court of Appeals would decide the issue, which is precisely what Judge Gorenstein did. In making a reasoned prediction, Judge Gorenstein in no way committed clear error, and Plaintiffs' tally of cases following *Vega* provides no basis to disrupt the R&R conclusions.[5]

Yet, even if a *de novo* review standard did apply – and it should not – Plaintiffs' argument still comes up short because Plaintiffs fail to appreciate the significance of an even split in state court appellate authority. ***Two of the four Appellate Divisions have considered the issue and decided it differently.*** As Judge Gorenstein appreciated, it is the Court's responsibility to make its prediction independently of its peer courts' decisions of how the New York Court of Appeals would decide the issue, which is precisely what the R&R does. Also, while Plaintiffs downplay the significance of *Grant*, it is of no small moment that the Second Department considered and expressly rejected the First Department's reasoning in *Vega*.[6] Thus, even if the Court were to apply a *de novo* standard to this issue, it should find that *Grant* got it right for all of the reasons set forth in in the R&R, as well as in Sephora's Motion to Dismiss papers.

### B.    Plaintiffs' Re-Argument Concerning "Illegal Contracts" Does Not Support a Finding of Clear Error.

Plaintiffs' next argument regarding "illegal contracts" is largely cut and paste from their Opposition.[7] *See* Opp. 9-12. In their Objection, Plaintiffs posit the same rhetorical questions they

---

[5] Additionally, Plaintiffs do not seem to argue against the R&R's finding that there is no implied right of action for a pay frequency claim (*see* R&R 16-20), again warranting only a clear error review by the Court.

[6] Plaintiffs' proclamation that prior to *Grant*, over 50 courts agreed with *Vega*, falls flat because pre-*Grant* there was no split in state appellate authority.

[7] Plaintiffs' raised the precise argument in opposing the Motion to Dismiss. *See, e.g.,* Opposition to Motion to Dismiss, ECF No. 79, 11 ("The *Grant* decision addressed this problem [of when wages are considered unpaid] by reasoning that a payment would only become unpaid if it had not been paid on the schedule set by the employer's admitted illegal contract with its employees… Not only is such a contractual arrangement expressly prohibited by the NYLL, but it has also been denounced by numerous courts, including the Supreme Court.").

posed in Opposition and make the same argument under *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993). *See* Opp. 9. They even rely on the same block quote from *Zachary v. BG Retail,* No. 22-CV-10521 (VB), 2024 WL 554174 (S.D.N.Y Feb. 12, 2024). *Id.*

Plaintiffs make no claim that Judge Gorenstein committed clear error in his analysis on this point, nor could they credibly do so because Judge Gorenstein carefully considered and addressed their arguments regarding unpaid wages. Though Plaintiffs complain that the R&R does not draw a sharp line as to when a "lengthy period" occurs, Judge Gorenstein expressly considered their "slippery slope" argument[8] and found:

> All that need be decided today… is that the claim brought by the plaintiffs here does not reflect an "underpayment" within the meaning of section 198(1-a). But to the extent the New York Court of Appeals believed that there might be circumstances where a late payment matures into an underpayment, we believe the Court of Appeals would likely conclude that a claim is decidedly not about an "underpayment" in the situation presented here: namely, where the dispute centers on which category of workers listed in section 191 the plaintiffs fall into.

R&R at 15. That Judge Gorenstein confined his decision to the issue at hand rather than make a sweeping to address the hypothetical conundrum Plaintiffs present, was a sound decision and in no way indicative of clear error. Indeed, such discretion comports with the doctrine of judicial constraint. *Michel v. Immigr. and Naturalization Serv*, 206 F.3d 253, 260 n.4 (2d Cir. 2000) ("Where, as here, no harm results from our failing to answer a question, we believe that the 'doctrine of judicial restraint provides a fully adequate justification for deciding [the] case on the best and narrowest ground available.'") (quoting and citing *Air Courier Conference of Am. v. Am. Postal Workers Union*, 498 U.S. 517, 531 (1991) (Stevens, J. concurring in the judgment)).

---

[8] *See* R&R at 14. ("Perhaps the most cogent argument supporting plaintiffs' proposed interpretation of section 198 posits an employer who fails to pay wages for a lengthy period and does not make payment until the worker is on the verge of filing suit or who does so after suit is filed. *See* Opp. at 9-10. A narrow reading of 'underpayment' would mean such a worker is limited to a common law contractual remedy and is entitled to no further compensation. This is certainly a troubling hypothetical.").

Moreover, Judge Gorenstein's reasoning on this issue is firmly rooted in the rationale of *Grant*, legislative intent, and the New York Court of Appeals' jurisprudence related to statutory interpretation. Specifically, Judge Gorenstein reasoned:

> The Court recognizes that it would be simpler to read "underpayment" as encompassing any failure to pay — even for a one-day period — and to leave it at that. But the New York Court of Appeals is careful not to interpret a statute in a manner that results in "an unreasonable or absurd application of the law." *Lubonty*,[9] 34 N.Y. 3d at 255 (citation and quotation marks omitted). . . . Here, plaintiffs' interpretation of the word "underpayment" produces results that cannot be reconciled with the structure of the statutory provision and the intentions of a rational legislature. Accordingly, we agree with the district court in *Galante*, 2024 WL 989704, at *10, and predict that the New York Court of Appeals would follow the Second Department's decision in *Grant*.

R&R at 16 (full citation used above). Thus, there is no clear error in this analysis, and Plaintiffs have identified none. Even if the Court were to apply a *de novo* review – and there is no basis for it to do so – the Court should not disturb the R&R for all the reasons discussed therein and in the papers filed in support of Sephora's Motion to Dismiss. Plaintiffs did not plead an "illegal contract" in their Complaint, and their *ad hoc* attempt to argue about one underscores the futility of their argument.

### C.    The R&R Makes No Clear Error Regarding the FLSA.

Plaintiffs' FLSA argument was briefed in connection with the Motion to Dismiss, and Plaintiffs do not and cannot claim that Judge Gorenstein committed "clear error" in focusing the R&R on statutory interpretation of the New York law, as distinct from the FLSA. Such makes sense, given that the FLSA – unlike the NYLL – has no provision related to weekly pay requirement for manual workers.

In their Opposition to the Motion to Dismiss, Plaintiffs argued, relying on the 9th Circuit's decision in *Biggs v. Wilson*, that the FLSA requires payments to be made on an employee's regular

---

[9] *Lubonty v. U.S. Bank Nat'l Ass'n*, 34 N.Y. 3d at250, 255 (2019).

pay day. ECF No. 79, at 10-11. On reply, Sephora explained that the Second Circuit rejected *Biggs*, and adopted an approach based on reasonableness to determine if the FLSA's prompt payment requirement is met. ECF No. 83, at 8-9 (citing *Rogers v. City of Troy*, 148 F.3d 52 (2d Cir. 1998)). As Sephora noted, Plaintiffs' concern that courts could never draw the line on when a delayed payment constitutes an underpayment is without merit (*id.* at 9), and Judge Gorenstein committed no error in not adopting Plaintiffs' position. The R&R does not analogize NYLL §§ 191 and 198 to the FLSA's prompt payment requirement,[10] and instead focuses on the specific nature and intent behind these provisions, their legislative history, and the relevant regulatory scheme. The R&R also reviewed and considered Judge Cogan's analysis of nationwide wage and hour laws to discern the legislative intent behind the relevant provisions of the NYLL. R&R at 14. *Bryant v. Buffalo Exch., Ltd.*, No. 23-cv-8286 (AS), 2024 WL 3675948 (S.D.N.Y. Aug. 6, 2024), does not change anything, nor does it sufficiently account for the Second Circuit's decision in *Rogers*.

Moreover, *Grant* explains why the relevant NYLL provisions are distinct from the FLSA: "The employer's payment of full wages on the regular payday is crucial and distinguishes this case from federal cases under the Fair Labor Standards Act in which courts have concluded that employers were liable for liquidated damages for violating the prompt payment requirement implied in that law by, for example, paying overtime compensation two years after it was earned." *Grant*, 223 A.D.3d at 716. Indeed, *Grant* distinguishes the Supreme Court case on which Plaintiffs rely, which was an early FLSA case involving overtime payments made two years after it was earned. *Id.* (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 700, 707-08 (1945)). Judge Gorenstein was under no obligation to adopt Plaintiff's view of the FLSA's prompt payment requirement; nor would a comparison thereto be meaningful, as the FLSA only requires that

---

[10] The FLSA and NYLL are different statutory schemes, and Judge Gorenstein noted.

payments be made promptly, which is satisfied when an employer pays full wages on the regular

payday. As the *Grant* court explained, the full payment of wages on the regular biweekly payday

is a critical distinction. *Grant*, 223 A.D.3d at 716. In this situation, Plaintiffs have received all

payment that they expected to receive when they expected to receive it. This stands in stark contrast

to *Brooklyn Savings Bank*, where the Court was concerned that payments made after *years* of delay

could be "so detrimental" to workers and may cause damages that are "too obscure and difficult

of proof," such that liquidated damages are required. *Brooklyn Savings Bank*, 324 U.S. at 707. A

similar rationale applies to unreasonably delayed payments in other FLSA cases. However, this

rationale does not apply to Plaintiffs who were paid in full but on a biweekly pay schedule. As

such, there is no clear error.[11]

### D.    The R&R Contains No Clear Error Regarding Its Assessment of Legislative Intent.

Plaintiffs also regurgitate their arguments concerning legislative intent.[12] Judge Gorenstein

considered and rejected these arguments in the R&R, and Plaintiffs claim no clear error. Judge

Gorenstein reasoned:

> The New York Court of Appeals has held that a court must "interpret a statute so
> as to avoid an unreasonable or absurd application of the law." … Where wages are
> not paid at all, or paid in a lesser amount than owed, the Legislature might rationally
> impose a liquidated damages provision of 100% of the unpaid wages to penalize an
> employer and to compensate an employee for interest lost, which was the legislative
> intent behind the liquidated damages provision in section 198(1-a) when it was first
> enacted…The plaintiffs' proposed interpretation, however, results in the imposition
> of a liquidated damages figure not of 100% of the loss to plaintiffs, as contemplated
> by section 198, but rather on the order of 57,800% of the loss. Not only is the
> imposition of such liquidated damages an "unreasonable" and "absurd" application

---

[11] Even if this Court were to undertake a *de novo* review, and it should not, the R&R should be adopted for the reasons set forth therein and in Sephora's Motion to Dismiss papers.

[12] *See, e.g.*, Opposition to Motion to Dismiss, ECF No. 79, 14 ("the Legislature explained its intentions clearly at the time it passed the statutes that it was creating a private right of action for liquidated damages specifically to "compensate the employee for the loss of the use of the money to which he was entitled." Docket No. 24-7, 5 of 16. Thus, there is every reason to believe that this was intended to apply to Section 191, which addresses late payments to employees.").

> of the law… but it would also likely result in a finding that the liquidated damages provision is unconstitutional in every single case when it is applied to a failure to adhere to the proper payment schedule required by section 191… the fact that the proposed interpretation of section 198(1-a) would invariably lead to an unconstitutional result provides an additional reason to believe that it was not the intention of the New York State Legislature to include a section 191 frequency-of-payments violation within the ambit of section 198(1-a).

R&R at 10-11. Likewise Plaintiffs presented their argument regarding the No Wage Theft Loophole Act in near identical form in their Opposition, and Plaintiffs cannot claim clear error. *See* R&R at 20. Yet, even if the Court were to undertake *de novo* review – and there is no basis to do so – the No Wage Theft Loophole Act suggests a legislative intent *not* to provide a private right of action under NYLL § 191. *Galante*, 2024 WL 989704 at *9. The statute adds language to NYLL §§ 193, 198, but not NYLL § 191, regarding employers' liability for unauthorized failure to pay wages, benefits of wage supplements. *Id.* While Plaintiffs note that this legislation did not preclude liquidated damages for NYLL § 191 claims, it also did not codify a private right of action for NYLL § 191 claims.

The Court also should not consider Plaintiffs' arguments regarding recent legislative action on the state budget because they did not present these to Judge Gorenstein in their Opposition to the Motion to Dismiss. *See Erickson*, 692 F.Supp.3d at 120 (a party may not raise new arguments in its objections to an R&R). Yet, even if the Court were to consider them, by Plaintiffs' own words, "[p]roposed legislation is neither a legislative development nor a trend. It is a complete nullity. . . . [Considering proposed legislation] would be a wildly inappropriate basis for a decision, which is why it has never been done before." ECF No. 79, at 9. Regardless, there is not much to glean from attempts to amend the NYLL to preclude liquidated damages for frequency of pay claims. It bears noting that one likely factor in these legislative battles has been efforts by the plaintiffs' bar to block legislative changes to ensure that they can continue to pursue these class-action claims. Notably, since 2023, it appears that Plaintiffs' counsel, Bursor & Fisher has invested

in lobbying efforts aimed at several legislative efforts to limit NYLL § 191 claims,[13] including the

Governor's 2024 state budget proposal: S361[14], S6077[15], S6108[16], S8306-A[17], S8306-B[18], A8806-

A[19], and A8806-B[20].

Plaintiffs' arguments concerning the absurdity or unconstitutionality of liquidated damages

also provide no basis to disrupt the R&R's findings. Judge Gorenstein did not make any express

finding regarding constitutionality; he conducted a reasoned analysis to infer legislative intent.

Plaintiffs seem to misunderstand that he weighed prejudgment interest against the damages

Plaintiffs seek (i.e., the full week of "late" wages) to assess legislative intent. R&R at 8-12.

---

[13] N.Y. State Comm'n on Ethics & Lobbying in Gov't, *Client Semi-Annual Filing Period: 2023 - January/June*, https://reports.ethics.ny.gov/publicquery/ViewFiling/CSA/NDkzODA50 (last visited Sept. 11, 2024); N.Y. State Comm'n on Ethics & Lobbying in Gov't, *Client Semi-Annual Filing Period: 2023 – July/December*, https://reports.ethics.ny.gov/publicquery/ViewFiling/CSA/NTUyNDYy0 (last visited Sept. 11, 2024); N.Y. State Comm'n on Ethics & Lobbying in Gov't, *Client Semi-Annual Filing Period: 2024 - January/June*, https://reports.ethics.ny.gov/publicquery/ViewFiling/CSA/NjMyNjQz0 (last visited Sept. 11, 2024).

[14] This bill would establish a private right of action for NYLL § 191 claims, but would cap damages at $1,000, $2,000, or $3,000 for a first, second, and third (or subsequent) violation, respectively. It is pending in the Senate Labor Committee. https://www.nysenate.gov/legislation/bills/2023/S361

[15] This bill would bar recovery of liquidated damages for violations of NYLL § 191 where the employer made full payment of wages within 14 calendar days after the end of the week in which the wages were earned unless the employer was subject to a Commissioner's Order to comply with NYLL § 191. It is pending in the Senate Labor Committee. https://www.nysenate.gov/legislation/bills/2023/S6077

[16] This bill would re-define "manual worker" to mean a "worker whose primary duty is to engage in physical labor," and direct the Commissioner of the Department of Labor to adopt regulations establishing criteria for determining whether an occupation meets this definition and list specific occupations meeting this definition. It is pending in the Senate Labor Committee. https://www.nysenate.gov/legislation/bills/2023/S6108

[17] This was a version of the state budget bill before State Senate that would have precluded liquidated damages for NYLL § 191 claims where employees were paid in accordance with agreed terms of employment but not less than semi-monthly. https://www.nysenate.gov/node/12032335

[18] This is a later version of the state budget bill before the State Senate omitting the provision addressing NYLL § 191 claims. https://www.nysenate.gov/node/12033392

[19] This was a version of the state budget bill before State Assembly that would have precluded liquidated damages for NYLL § 191 claims where employees were paid in accordance with agreed terms of employment but not less than semi-monthly. https://www.nysenate.gov/node/12032342

[20] This is a later version of the state budget bill before the State Assembly omitting the provision addressing NYLL § 191 claims. https://www.nysenate.gov/node/12033398

Additionally, Plaintiffs' claims that "Every District Court Has Rejected the R&R's Constitutionality Argument" is not true. The reality is that district courts have not yet considered the issue, finding, like Judge Gorenstein, that a Motion to Dismiss is "not the proper stage to address the constitutionality of liquidated damages." R&R at 11. Likewise, Judge Gorenstein's opinion that an award of liquidated damages would be absurd is well-supported by legislative history and caselaw. *Id*. It also accords with what numerous district judges have about such damages being "just kooky," "insanely out of proportion," "draconian" and implicating "due process issues."[21] As such, there is no clear error.[22]

### E. There Is No Clear Error in the R&R's Rejection of Plaintiffs' Argument Regarding NYLL § 218.

The R&R considered and rejected Plaintiffs' argument regarding NYLL § 218. Plaintiffs' Objection on this point is nearly identical to the arguments in their Opposition to the Motion to Dismiss, warranting clear error review. *Compare* ECF No. 79, at 5-6, *with* ECF No. 95, at 21-22. As Judge Gorenstein explained in the R&R, and as set forth in Sephora's motion papers, NYLL § 218 gives the DOL power to remedy violations of the NYLL in two ways: (1) if wages are found to be unpaid, the DOL shall direct payment of wages found to be due with liquidated damages; and (2) if the violation is "for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due," the DOL applies a tiered civil penalty. R&R, at 12; ECF No. 76, at 4; ECF No. 83, at 3-4. The R&R correctly reasoned the DOL's interpretation that frequency of pay violations are non-wage claims and the context of this comprehensive scheme to be

---

[21] *See* ECF No. 28-1, at 2, transcript excerpts from *Zimmerman v. Regal Cinemas*, No. 22-cv-2851 (S.D.N.Y. Sept. 1, 2022); ECF No. 28-2, at 2-3, transcript excerpts from *Corporan v. Regeneron Pharmaceuticals*, No. 21-cv-5069 (S.D.N.Y. Jan. 24, 2022).

[22] Even if this Court were to undertake a *de novo* review, and it should not, the R&R should be adopted for the reasons set forth therein and in Sephora's Motion to Dismiss papers.

persuasive evidence that a late payment is not considered an underpayment under New York law because no wages can be found to be due. *See* R&R, at 12-13, 17-21.

Plaintiffs' reference to a Second Department Appellate *Term* case (not Appellate *Division*) issued prior to *Grant* does not demonstrate clear error. *Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1 (App. Term 2d Dep't 2021); *cf.* Objection, at 21. Far from a clear error, Judge Gorenstein properly considered agency interpretation of the relevant statute and the overall statutory scheme. *Id.* (citing *Moran Towing & Transp. Co. v. N.Y. State Tax Com.*, 72 N.Y.2d 166, 173 (1988) (requiring great weight and judicial deference to agency interpretation of a statute); *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 360 (2021) (requiring consideration of the legislative scheme in determining if an implied right of action exists). Thus, there is no clear error, and the Court should adopt the R&R.[23]

## V.    PLAINTIFFS' REQUEST TO STAY

Plaintiffs requested a stay pending a decision from the New York Court of Appeals in their Opposition to the Motion to Dismiss, and Judge Gorenstein declined to grant one, choosing to dismiss the Complaint instead. See ECF No. 79, at 18. This Court should find no trouble doing the same and dismissing Plaintiffs' claim at this time. While Plaintiffs reiterate in their Objections that a stay "would be appropriate," they have not stated any objection to Judge Gorenstein's refusal to issue a stay. Objections, at 23. Thus, Plaintiffs' request for a stay is not properly before this Court and should be rejected.[24]

---

[23] Even if this Court were to undertake a *de novo* review, and it should not, the R&R should be adopted for all of the reasons set forth therein and in Sephora's Motion to Dismiss papers.

[24] Sephora reserves the right to take a position on a request for a stay pending a ruling from the New York Court of Appeals if and when appropriate.

## VI.    CONCLUSION

For the foregoing reasons, the Court should adopt Magistrate Judge Gorenstein's July 31, 2024 Report and Recommendation in its entirety and dismiss the Amended Complaint.


Dated:  September 11, 2024
        New York, New York

LITTLER MENDELSON, P.C.


By: */s/ Kelly M. Cardin*
    Kelly M. Cardin
    kcardin@littler.com
    Vinay D. Patel
    vpatel@littler.com
    900 Third Avenue
    New York, NY 10022.3298
    Telephone: 212.583.9600
    Facsimile: 212.832.2719

    *Attorneys for Defendant*
    *Sephora USA, Inc.*