UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSALBA ESPINAL *et al.*,

                                    Plaintiffs,

                    -v-

SEPHORA USA, INC.,

                                    Defendant.

---

22 Civ. 3034 (PAE) (GWG)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On September 19, 2024, the Court denied defendant's motion to dismiss plaintiffs'

complaint in this putative class action, which claims that Sephora USA, Inc. ("Sephora") failed

to pay plaintiffs and similarly situated employees timely wages in violation of New York Labor

Law ("NYLL") § 191. *See Espinal v. Sephora USA, Inc.*, No. 22 Civ. 3034 (PAE) (GWG), 2024

WL 4241537, at *1 (S.D.N.Y. Sept. 19, 2024) ("*Espinal*"). Sephora timely sought

reconsideration of that decision and, in the alternative, certification of an interlocutory appeal.

Dkts. 103, 105. For the reasons that follow, the Court denies both motions.

**I.     Background**

The Court assumes familiarity with the facts, which are set out more fully in the decision

denying Sephora's motion to dismiss. *See id.* at *1–2. In brief, plaintiffs Rosalba Espinal and

Juan Rivera ("plaintiffs") sued their former employer, Sephora, alleging that Sephora's practice

of paying employees on a biweekly basis violates the requirement of NYLL § 191(1)(a)(i) that

manual workers be paid weekly. On February 15, 2024, Sephora moved to dismiss, arguing that

there is neither an express nor an implied private right of action for such violations of § 191.

Dkt. 75. On July 31, 2024, United States Magistrate Judge Gabriel W. Gorenstein issued a

Report and Recommendation (the "Report") reaching that conclusion and recommending dismissal. Dkt. 89. In its September 19, 2024 decision, this Court declined to adopt that recommendation and, joining the weight of district court authority on the issue, found that NYLL § 191 expressly and impliedly gives rise to a private right of action for such claims. Dkt. 99. On September 30, 2024, Sephora filed the instant motions for reconsideration and for certification of an interlocutory appeal. Dkts. 103, 105. On October 15, 2024, plaintiffs opposed. Dkts. 110–11.

## II.    Sephora's Motion for Reconsideration

The standard governing motions for reconsideration under Federal Rule of Civil Procedure 60(b) "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. L.R. 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced," *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Rule 60(b) is thus considered a "mechanism for extraordinary judicial relief invoked only if the moving party

2

demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted).

Sephora has not met this high bar. It does not bring to bear any new arguments on the purely legal issue on which the Court's resolution of the motion to dismiss turned. Its sole argument is that this Court erroneously applied *de novo* review as opposed to clear error review. Dkt. 104 at 1–4. Its basis for so arguing is that, before this Court, plaintiffs "simply reiterate[d]" the arguments they had made before Judge Gorenstein, thus calling for clear error review. *Id.* at 1; *see also Espinal*, 2024 WL 4241537, at *2 ("[I]f a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error.") (quoting *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013).

There are three independent flaws with Sephora's argument.

To begin with, the error below, in this Court's assessment, qualified as clear and fundamental, *see Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022), and one whose correction is needed to "prevent manifest injustice." *Kolel*, 729 F.3d at 104 (internal quotation marks omitted). The disputed issue was one of pure law. It did not turn on case-specific factual nuances as to which reasonable minds could differ. In the context of an appeal from a district court judgment, determinations of purely legal questions by their nature are reviewable *de novo* by appellate courts; a higher court does not give deference to a lower court's resolution of a pure question of law. *See United States v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009) (Livingston, C.J.) (when dealing with "a matter of statutory interpretation, which is purely a question of law, our review is *de novo*"). In the context of a district court's review of a magistrate judge's recommendation, however, Federal Rule of Civil Procedure 72 governs. *See Miller*, 43 F.4th at

3

121.  Under Rule 72(b)(3), whether *de novo* review applies turns on whether "the magistrate

judge's disposition . . . has been properly objected to." *Id.*  A party fails to properly object if it

"makes only conclusory or general objections, or simply reiterates [his or her] original

arguments." *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007).  Recently,

however, the Second Circuit cast doubt on the notion that a district court is obliged to apply clear

error review where the claimed error in the Report was a "fundamental one"; *i.e.*, where the

objecting party "t[akes] issue with a specific legal conclusion," even where, in its objections, the

party challenging a Report reiterates its earlier well-formulated arguments. *Miller*, 43 F.4th at

121; *see also Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7,

2024) (noting "skepticism concerning the application of clear-error review" where the objecting

party disputes a "fundamental" legal issue, even where the party "sought to relitigate an issue

that was fully argued in the original briefs to the magistrate judge" (internal quotation marks

omitted)).  This Court shares the Circuit's skepticism.

This Court's resolution of a challenge to a Report in *Norris v. Goldner*, No. 19 Civ. 5491

(PAE) (SN), 2023 WL 5477229 (S.D.N.Y. Aug. 24, 2023), is illustrative.  The dispute at issue

there centered on the interpretation of a contract—a purely legal question.  In departing from the

Report, the Court weighed whether it was obliged to apply deferential review given Norris's

claim that defendants' objections were "identical" to the arguments they had made before the

magistrate judge.  *See id.* at *5 n.8 (internal quotation marks omitted).  The Court rejected that

argument, noting that "[the] notion that a party that develops before the district judge an

argument that had been made before the magistrate judge must establish clear error at the second

stage would all but eliminate *de novo* review of reports, given that new legal theories 'cannot

properly be raised for the first time in objections to the report and recommendation, and indeed

may not be deemed objections at all.'" *Id.* (quoting *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020); *see also Watson v. Geithner*, No. 11 Civ. 9527 (AJN) (HBP), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (noting tension created by requiring new arguments upon review of a Report while forbidding arguments that are so new as to be deemed unpreserved). The Court accordingly reviewed the pure legal question at issue *de novo*, reiterating the Second Circuit's observation that, "[t]o the extent that the objection sought to revisit an issue already argued, it was only because . . . the magistrate judge's specific error was a fundamental one." *Norris*, 2023 WL 5477229, at *5 n.8 (quoting *Miller*, 43 F.4th at 121); *see also, e.g.*, *McCoy v. Admin. for Children's Servs.*, No. 23 Civ. 3019 (HG) (SJB), 2024 WL 4344791, at *3 (E.D.N.Y. Sept. 30, 2024) (applying *de novo* review to disputed legal question, even though the objection to the Report aired "the same argument she previously presented" to the magistrate).

Similarly here, the sole issue before this Court in its September 19 decision was a purely legal, and fundamental, question. The Court drew its conclusion—that NYLL § 191 gives rise to a private right of action for claims of infrequent wage pay—based on the statutory text, context, purpose, and legislative history. The Court found particularly persuasive the Supreme Court's interpretation of a parallel provision of the FLSA. *See Espinal*, 2024 WL 4241537, at *5–6 ("[I]t is well-established—and has been for nearly 80 years—that § 216 of the FLSA authorizes the recovery of liquidated damages as compensation for delayed payments under the Act . . . The courts that have found a private right of action under the NYLL, such as the First Department in *Vega*, have noted the New York Legislature's intention that its remedial provisions provide at least equal protection to workers as those as of the FLSA."). Accordingly, as the Court's analysis in *Espinal* reflected, the assembled legal materials bearing on whether NYLL § 191

gives rise to a private right of action yielded a clear answer to that legal question. The Court thus rejects Sephora's argument that it erred by not according deference to the Report.

Second, even had the Court reviewed the Report for clear error, the Court would have reached the same result: that the Report clearly erred in concluding that the NYLL's frequency-of-payments provision may not be vindicated in private litigation. As the analysis in *Espinal* reflects, the Court found the assembled arguments to substantially favor plaintiffs' construction of the NYLL. *See Espinal*, 2024 WL 4241537, at *4–8. And the weight of authority lopsidedly favored that position. As this Court chronicled, *see id.* at *3, since earlier this year, when New York state appellate courts first split on this point, the decisive weight of federal-court authority has sided with finding a private right of action. *See, e.g.*, *Charles et al. v. Aritzia*, No. 23 Civ. 9389, 2024 WL 4167502, at *5 (S.D.N.Y. Sept. 12, 2024); *Bryant v. Buffalo Exch., Ltd.*, No. 23 Civ. 8286, 2024 WL 3675948, at *3 (S.D.N.Y. Aug. 6, 2024); *Gamboa v. Regeneron Pharms., Inc.*, No. 22 Civ. 10605, 2024 WL 815253, at *5–6 (S.D.N.Y. Feb. 27, 2024); *Zachary v. BG Retail LLC*, No. 22 Civ. 10521, 2024 WL 554174, at *5 (S.D.N.Y. Feb. 12, 2024); *Sarmiento v. Flagge Contracting Inc.*, No. 22 Civ. 9718, 2024 WL 806137, at *9–10 (S.D.N.Y. Feb. 27, 2024), *report and recommendation adopted*, No. 22 Civ. 9718 (VSB) (JLC), 2024 WL 1908607, at *1 (S.D.N.Y. May 1, 2024); *Birthwright v. Advance Stores Co., Inc.*, No. 22 Civ. 593, 2024 WL 3202973, at *1 (E.D.N.Y. June 27, 2024); *Levy v. Endeavor Air Inc.*, No. 21 Civ. 4387, 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024); *Garcia v. Skechers USA Retail, LLC*, No. 23 Civ. 1055, 2024 WL 1142316, at *6 (E.D.N.Y. Mar. 15, 2024); *Covington v. Childtime Childcare, Inc.*, No. 23 Civ. 710, 2024 WL 2923702, at *5 (N.D.N.Y. June 10, 2024); *Bazinett v. Pregis LLC*, No. 23 Civ. 790, 2024 WL 1116287, at *6 (N.D.N.Y. Mar. 14, 2024). *But see Galante v. Watermark Servs. IV, LLC*, No. 23 Civ. 6227, 2024 WL 989704, at *10 (W.D.N.Y.

Mar. 7, 2024). Were a clear error standard to apply, the Court thus would not hesitate to find the Report's contrary conclusion to be clear error.

Third and finally, there is enough new material in plaintiffs' brief to this Court challenging the Report to distinguish this case from those in which an objecting party "simply reiterat[ed]" their arguments to Judge Gorenstein. Although plaintiffs' brief (understandably) largely consisted of the arguments as to statutory construction that it had made before Judge Gorenstein, plaintiffs also identified and disputed specific findings in the Report. *See Miller*, 43 F.4th at 120–21 (*de novo* review appropriate where a party "took issue with a specific legal conclusion in the report and recommendation"); *Azkour v. Haouzi*, No. 11 Civ. 5780, 2017 WL 3016942, at *4 (S.D.N.Y. July 17, 2017) (where a party "properly objects to—that is, raises objections that are clearly aimed at particular findings in—the magistrate judge's report, the district court reviews those findings *de novo*" (citation omitted)). Plaintiffs identify distinct aspects of the Report's legal analysis with which their objections took issue. *See* Dkt. 110 at 3 ("In objecting to the R&R, Plaintiffs specifically quoted the R&R and identified gaps in the R&R's analysis at least sixteen times."). For instance, plaintiffs faulted the Report for overlooking the important context of the FLSA as a guide to statutory construction, *see* Dkt. 95 at 9–11, an argument this Court found convincing in rejecting the Report. *See Espinal*, 2024 WL 4241537, at *6 ("[T]he New York State legislature rewrote [the NYLL's] liquidated damages provision to cover the same ground as the FLSA." (quoting *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018)). Plaintiffs also faulted the Report for asserted conflicts with Second Circuit authority. *See* Dkt. 95 at 1 ("The R&R also runs afoul of the Second Circuit's guidance on the issue."). Plaintiffs' objections also took issue with the Report's liquidated damages analysis, *id.* at 11–17, and its ostensible "sidestep[ping]" of what constitutes "underpayment" under the

NYLL, *id.* at 8–9. Plaintiffs thereby "developed their arguments . . . with sufficient specificity, such that the portions of the report to which they specifically object—even if in a matter reprising arguments made below—are subject to *de novo* determination." *Norris*, 2023 WL 5477229, at *5 n.8 (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court therefore denies Sephora's motion for reconsideration.

## III.    Motion for Certification of Interlocutory Appeal

Sephora alternatively moves to certify to the Second Circuit the question whether a private right of action to sue for liquidated damages is available under the frequency-of-payments provision of the NYLL. *See* Dkt. 105. Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Section 1292(b) "permits a district court, in its discretion, to certify an interlocutory appeal where the decision at issue (1) involves a controlling question of law (2) as to which there is substantial ground for a difference of opinion and (3) as to which an immediate appeal may materially advance the ultimate termination of the litigation." *See Capri Sun GmbH v. Am. Beverage Corp.*, No. 19 Civ. 1422 (PAE) (VF), 2022 WL 3137131, at *3 (S.D.N.Y. Aug. 5, 2022) (citation omitted). "The movant bears the burden of demonstrating that all three of the substantive criteria are met." *Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL

3406192, at *3 (S.D.N.Y. Aug. 4, 2021). Where a movant fails to satisfy any one of the three statutory criteria, the court may not certify the appeal. *See Dill*, 2021 WL 3406192, at *7; *S.E.C. v. Straub*, No. 11 Civ. 9645, 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013) ("These three criteria are conjunctive, not disjunctive, and courts may only certify an interlocutory appeal where all three are satisfied." (citation omitted)). Certification is "strongly disfavored," *Adar Bays, LLC v. Aim Expl., Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018), and reserved for "exceptional circumstances," *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted). Even when the elements of section 1292(b) are satisfied, the "district court retain[s] unfettered discretion to deny certification," *Dill*, 2021 WL 3406192, at *4.

The first element favors Sephora: whether the NYLL gives rise to a private right of action against an employer who pays employees less frequently than weekly presents a controlling question of law. But Sephora fares less well on the second and third elements.

Addressing the third element first, certification of the issue would not materially advance the termination of this litigation. *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914, 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014). As plaintiffs rightly note, certifying a question of state law to a federal circuit court inherently poses a substantial risk of protracting a litigation. That is because circuit courts are "in no better position to make a determination concerning state law than [the district court] finds itself." Dkt. 111 at 8 (quoting *Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70–71 (D.R.I. 1988)); *see also Hubbard v. Phil's BBQ of Point Loma, Inc.*, 2010 WL 3069703 at *1 (S.D. Cal. Aug. 4, 2010) (declining to certify a state-law issue where the

9

Ninth Circuit "would have no more or better information than [the district court] does"). Here, with two New York State appellate courts divided on the issue, "it is quite likely that the Court of Appeals, should it accept the interlocutory appeal, would feel compelled to itself certify the state law issue to the [state supreme court]." *Cummins*, 697 F. Supp. 64 at 70. The process of appeal to the Second Circuit, followed by its likely certification to the New York Court of Appeals, followed by the possible resolution in that Court of the issue, and followed by remand from the Circuit to this Court, could easily take more than a year. Only at that point would plaintiffs' claims, to the extent they survived the appeal, proceed to discovery, summary judgment, and trial. Yet, during the interlocutory appellate process, various circumstances could moot the issue. These include state legislative action establishing (or barring) a private right of action; reconsideration by the Second Department of its decision earlier this year in *Grant*, in light of, *inter alia*, the overwhelming federal authority rejecting its holding that there is no private right of action; or a resolution by the New York Court of Appeals of the issue as brought in a different case. A delay resulting from the "circuitous certification route, of an issue that may become moot, would be inefficient for the courts involved and unfair to the litigants." *Id.*

By contrast, allowing this case to follow the ordinary course—in which it would proceed to judgment, after which Sephora could appeal an adverse outcome to the Second Circuit—does not appear unduly time-consuming or expensive. *See Hermès Int'l v. Rothschild*, 590 F. Supp. 3d 647, 657 (S.D.N.Y. 2022) (denying interlocutory review where "the defendant has not carried his burden to prove that these cases are exceptionally numerous, protracted, and expensive such that clarification of the issue is especially warranted"); *Liebert v. Levine*, No. 94 Civ. 44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2024) (same). Discovery does not appear likely to be extensive or complex. The decisive factual question underlying both liability and damages—

whether and, if so, to what extent Sephora failed to pay workers on a weekly basis—is likely one that will be resolved by authoritative pay records. The scenario that often makes interlocutory appeals a prudent course, in which a successful appeal may avert extensive electronic, deposition, and/or expert discovery, is not presented here. Sephora has not shown that the incremental cost that it stands to expend by allowing the district court proceedings in this case to run their course justify, or come close to justifying, the burdens posed by interlocutory review.

This case, in fact, thus supplies an excellent example of why the Second Circuit has discouraged section 1292(b) certifications where it is not clear that disposition of the certified issue on appeal would "materially advance the ultimate determination of [the] case." *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992); *see also Murray*, 2014 WL 1316472, at *7 ("Plaintiff's argument prevails only if this Court's decision is reversed; if the Second Circuit affirms the Court's decision, or rather yet, declines to hear Plaintiff's appeal, the result will be that this action will have been unnecessarily delayed by the interlocutory appeal. Moreover, it is safe to assume that the appeal process will take longer than the [proceedings in this court], thereby extending the time in which a final decision on the merits is rendered."). And Judge Briccetti, applying these principles, earlier this year denied a request to certify for interlocutory review the very issue presented in this case, in part based on his finding that certification of the state-law question to the Second Circuit would unnecessarily prolong litigation. *See* Tr. of Mar. 13, 2024 Conf., *Zachary v. BG Retail, LLC*, No. 22 Civ. 10521 (VB) (S.D.N.Y. Mar. 13, 2024) (Briccetti, J.) ("We would have to wait for the Second Circuit to permit an interlocutory appeal to be taken . . . Secondly, they would have to certify the question to the New York Court of Appeals. And thirdly, the Court of Appeals would have to

decide the question. And I certainly don't think that these three layers of review would happen quickly.").

Finally, although Sephora's failure to establish the third element requires denial of its motion, the Court is also unable to find for it on the second element: that there is substantial ground for difference of opinion. The Second Department's decision in *Grant* created a split among state appellate courts, but the split is not deep—there is one appellate court on each side—or longstanding. And, as noted, the federal case law addressing the issue since *Grant* issued has lopsidedly resolved the question consistent with the First Department's 2019 decision in *Vega*, and persuasively so. *See Espinal*, *supra*, at *3 (collecting cases); *see also Aritzia*, 2024 WL 4167502, at *5; *Bryant*, 2024 WL 3675948, at *3; *Gamboa*, 2024 WL 815253, at *5–6; *Zachary*, 2024 WL 554174, at *5; *Sarmiento*, 2024 WL 1908607, at *1; *Birthwright*, 2024 WL 3202973, at *1; *Levy*, 2024 WL 1422322, at *2; *Garcia*, 2024 WL 1142316, at *6; *Covington*, 2024 WL 2923702, at *5; *Bazinett*, 2024 WL 1116287, at *6.

Under these circumstances, the existence of an outlier decision, *Grant*, is an insufficient basis on which to find a substantial ground for difference of opinion. *See SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (no substantial ground for difference of opinion exists where three of four courts in this District reject movant's view); *see also Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 17 Civ. 359, 2018 WL 11409984, at *2 (N.D.N.Y. May 21, 2018) (where "the weight of authority in this Circuit has explicitly adopted" a previously decided case holding, "[t]he fact that there may be limited authority to the contrary, and that the Second Circuit has not yet settled the issue, does not mean that there is substantial ground for difference of opinion"); *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) ("For there to be a substantial ground

for difference of opinion under the law, 28 U.S.C. § 1292(b), there must be substantial doubt that the district court's order was correct." (citations omitted)).  And other courts within this Circuit, in rejecting bids for interlocutory review, have so held.  *See, e.g.*, *Levy*, 2024 WL 1422322, at *2 ("[O]ne would be hard pressed to say that there is substantial ground for difference of opinion, where the weight of authority leans almost unanimously in favor of the existence of a private right of action under § 191." (citation omitted)); Tr. of Mar. 13, 2024 Conf., *Zachary*, No. 22 Civ. 10521 (VB) (S.D.N.Y. Mar. 13, 2024) ("I don't believe there a substantial ground for a difference of opinion because every federal court, including this one, to consider the question has agreed with *Vega*, . . . including after the *Grant* decision.").  *But see Charles et al. v. Aritzia*, No. 23 Civ. 9389, ECF No. 31 (S.D.N.Y. Oct. 22, 2024) (granting interlocutory review on the issue); *Bazinett v. Pregis LLC*, No. 23 Civ. 790, ECF No. 80 (N.D.N.Y. Oct. 24, 2024) (same); *Birthwright v. Advance Stores Co., Inc.*, No. 22 Civ. 593, ECF No. 72 (E.D.N.Y. July 24, 2024) (same).[1]

For these reasons, the Court denies Sephora's motion for certification of an interlocutory appeal.

## CONCLUSION

For the reasons stated herein, the Court denies Sephora's motion for reconsideration and motion for certification of interlocutory appeal.  The Clerk of Court is respectfully directed to

---

[1] The Court is mindful that sister courts have—in *Charles*, *Bazinett*, and *Birthwright*—granted leave to seek interlocutory review in the Second Circuit on the § 191 issue presented here.  Upon a showing (as yet not made) that there stands to be costly discovery in this case that would be obviated were the Circuit to find against a private right of action, the Court would be open to an application for a full or partial discovery stay in this case pending the Circuit's resolution of the bids for interlocutory review in those cases.

terminate all pending motions.  The case will remain under the able supervision of Judge

Gorenstein.

      SO ORDERED.

                                        Paul A. Engelmayer
                                        United States District Judge

Dated: November 12, 2024
       New York, New York